## COMMONWEALTH v. CHARLES SILVERMAN.

APPEAL BY DEFENDANT FROM THE COURT OF QUARTER SESSIONS OF ARMSTRONG COUNTY.

Argued October 15, 1890—Decided January 5, 1891.

1. The prohibition in § 17, act of May 13, 1887, P. L. 108, of the sale of vinous, spirituous, malt or brewed liquors to persons of known intem-

Charge of Court below.

perate habits, is valid as applied to liquor imported from another state, and sold by the duly authorized agent of the importer in the original packages: Commonwealth v. Zelt, ante 615.

2. The title of the act of May 13, 1887, P. L. 108, viz.: " An Act to restrain and regulate the sale of . . . . . liquors, . . . . . " is sufficient, under § 3, article III. of the constitution, to sustain the clause of § 17 of the act, prohibiting the furnishing of liquor to minors, etc., " by sale, gift or otherwise."

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 198 October Term 1890, Sup. Ct.; court below, No. 79 June Term 1890, Q. S.

On June 4, 1890, the grand jury returned as a true bill an indictment of Charles Silverman in three counts, the first charging the sale of liquors without license, the second, sales to minors, and the third, the furnishing "by sale, gift or otherwise," of liquors to three persons named, described as persons of known intemperate habits. The defendant pleaded not guilty.

At the trial on June 12, 1890, the following facts were shown: The Cincinnati Brewing Company, of Hamilton, Ohio, appointed the defendant as its agent for the sale of beer in the borough of Leechburg, Armstrong county. On May 21, 1890, said company shipped from Hamilton a number of kegs of beer to the care of the defendant at Leechburg. They were received by the defendant on May 24th, and were sold by him on that day, in Leechburg, to residents of that borough and its vicinity. In making such sales, the defendant was acting solely as the agent of said company, and the kegs of beer were sold in the same condition as they were when originally shipped to him. There was testimony tending to show that some of the persons to whom sales were made were minors; that the persons named in the indictment as men of known intemperate habits were such, and that the defendant furnished beer to two of them by sale and to the third by gift.

At the close of the testimony the court, RAYBURN, P. J., instructed the jury that the defendant could not be convicted on the first count of the indictment, if they should find that the liquor sold by him was in the original packages consigned to

Charge of Court below.

him by the brewing company at Hamilton, Ohio, and charged, further, in part as follows :

[As to the third count in this indictment, that of selling liquor to men of known intemperate habits, there is evidence that this beer was sold to men whom witnesses state to be men of known intemperate habits. It is for you, gentlemen, to say, under all the evidence before you, whether or not these men named in this indictment are men of known intemperate habits; and if you conclude that they are men of known intemperate habits, and that this beer was sold to them by Charles Silverman, we would say it would be your duty to convict him under the third count of the indictment.. The reason we give for the non-application of the recent decision of the Supreme Court [of the U. S. ], as to this charge of the indictment, is, that the commonwealth of Pennsylvania has a right to a police regulation of its affairs, and the putting into the hands of men of known intemperate habits intoxicating liquors would be a violation of the laws of the commonwealth of Pennsylvania, and the defendant cannot shield himself under the recent decision of the Supreme Court; saying to you at the same time that original packages from another state cannot be sold in a state to which they are shipped regardless of the law there, on account of the existence of inter-state commerce; and if you find that these men were men of known intemperate habits and that the defendant, Charles Silverman, sold this liquor to them, it would be your duty to convict him of this third count in the indictment, by reason of the commonwealth of Pennsylvania having a right to control its police regulations.] [5] . . . .

—The jury rendered a verdict finding the defendant not guilty as to the first and second counts, but guilty as indicted, as to the third count, that for selling to men of known intemperate habits.

The defendant, by his counsel, moved the court to arrest the judgment for the following, among other reasons :

1. That the seventeenth section of the act of 1887, on which the third count of the indictment is founded, is unconstitutional and void, the same being in violation of the constitution and laws of the United States, the jury finding that said defendant sold in original packages as agent of the Cincinnati Brewing Company, of Hamilton, Ohio; and the indictment thereon can not be sustained. [6]

Opinion of the Court.

2. That the seventeenth section aforesaid, on which the said count is founded, is unconstitutional and void, the same being in violation of § 3, article III. of the constitution of Pennsylvania, in that said section is not covered by or mentioned or expressed in the title of said act, and that said act contains more than one subject; and the provision of said section which is not clearly expressed in said title, and the indictment thereon, cannot be sustained.[7]

3. That the jury having found the defendant not guilty of violation of law in the sales made, he is not subject to the laws of the state of Pennsylvania, and particularly the said act of 1887.[8]

—The motion in arrest of judgment having been overruled, and an exception thereto having been sealed for the defendant, the court sentenced the defendant to pay a fine of $500 and the costs of prosecution, and to undergo imprisonment for sixty days in the Armstrong county jail.[10] Thereupon the defendant, having obtained a special allowance, took this appeal, assigning inter alia for error:

5. The part of the charge embraced in [ ] [5]

6–8. The overruling of defendant's reasons in arrest of judgment.[6 to 8]

10. The sentence pronounced upon the defendant.[10]

*Mr. C. S. Fetterman* (with him *Mr. John F. Whitworth* and *Mr. Austin Clark*), for the appellant.

*Mr. M. F. Leason* (with him *Mr. D. B. Heiner*, District Attorney, and *Mr. James B. Neale*), for the commonwealth.

PER CURIAM:

This case is ruled by Commonwealth v. Zelt, ante, 615, Commonwealth v. Swihart, ante, 629, and other cases decided at this term. A further discussion of the subject is not necessary.

The judgment is affirmed, and it is now ordered that the defendant surrender himself forthwith to the custody of the high sheriff of Armstrong county, for confinement in accordance with the sentence of the court below.