## Commonwealth *v.* Robert Muir, Appellant.

*Statutes—Construction—Constitutional law.*

The act of July 2, 1895, P. L. 428, regulating the keeping of public lodging houses, does not violate the constitutional requirements as to title or uniformity of taxation, nor does it offend by amending an existing statute without reënactment, nor in subjecting boarding houses within its provisions to unreasonable searches.

*Police power—License tax—Lodging houses.*

The regulation of matters affecting the public through the medium of a license tax is a recognized exercise of the police power, and the license fee required by the act of July 2, 1895, P. L. 428, regulating lodging houses, is not a tax in the revenue sense.

*Lodging house act an exercise of police power.*

The whole scope and object of the act of July 2, 1895, is manifestly for the preservation of the public health, the public morals and good order of society, and it is a legitimate exercise of the police power of the state, upon which there is no constitutional limitation.

Argued March 11, 1896. Appeal, No. 67, Nov. T., 1895, by defendant, from judgment of Q. S. Phila. Co., Oct. Sessions, 1895, No. 216, on verdict of guilty. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Indictment for keeping a lodging house without a license. Before HARE, P. J. Verdict of guilty. A motion made in arrest of judgment was overruled and it was ordered and adjudged that defendant pay a fine of $10.00 and the costs, and stand committed until this judgment is complied with.

During and prior to the year 1895, the defendant kept and

maintained a public lodging house at 231 Crown street, in the city of Philadelphia. The defendant charged and received twenty-five cents per single night and less for each lodger. On July 2, 1895, an act of assembly, passed by the legislature, was signed by the governor, the 7th section of which provides that whoever shall keep a public lodging house without having the license required by the said act, should be guilty of a misdemeanor, etc. The defendant in the court below failed to apply for or take out a license as required by the said act. He was thereupon arrested for the violation thereof by the authorities of the city of Philadelphia. At the trial a verdict of guilty was taken by agreement between the defendant and the commonwealth, reserving for the court the question of the constitutionality of the act. The court sustained the act, and from that judgment this appeal has been taken. The court below filed no opinion.

*Errors assigned* were : (1) The court below erred in holding the act of July 2, 1895, entitled "An act to regulate and license public lodging houses in the different cities of this commonwealth" constitutional. (2) The court below erred in allowing the verdict against the defendant, which was entered upon agreement as to facts stated, to stand.

*C. Oscar Beasley*, for appellant.—The act is unconstitutional, 1st, because it contains subjects not covered by its title; 2d, the license or tax required is not uniform upon the same class of subjects ; 3d, the fourth section of the act offends against the bill of rights forbidding unreasonable searches; 4th, the act is in reality an amendment of the act of June 1, 1885, P. L. 37, commonly known as the Bullitt Bill, and it is not so stated in its title: Cited Borough v. Sholes, 118 Pa. 165 ; Phœnixville Road, 109 Pa. 44 ; Beckert v. Allegheny, 4 W. N. 530 ; Allegheny v. Moorehead, 80 Pa. 118 ; Railway Co. v. Phila., 23 W. N. C. 320.

*James Alcorn*, *Charles E. Perkins* and *John L. Kinsey*, city solicitor, with him, for appellee.—The act in question is an exercise of the police powers which is clearly constitutional in all its aspects: Com. v. Sellers, 130 Pa. 35 ; Powell v. Com.,

580        COM. *v.* MUIR, Appellant.

Arguments—Opinion of the Court.        [1 Super. Ct.

114 Pa. 265; Thorpe v. Railroad Co., 27 Vermont, 139; Tiede-
man on Police Powers, 273; Prentice on Police Powers, 253.
As to alleged insufficiency of title, Com. v. Sellers, supra.
As to the objection that the license tax is not uniform upon the
same class of subjects, see Johnson v. Phila., 60 Pa. 445; Coal
Co. v. Com., 79 Pa. 100; Com. v. Brewing Co., 145 Pa. 85;
Com. v. Coal Co., 164 Pa. 304.

OPINION BY SMITH, J., May 11, 1896:

The form in which error is assigned is hardly to be com-
mended on the score of precision; the first assignment being
aimed only at the reason for the judgment, while the second
falls short of reaching the judgment itself. Their evident
meaning, however, is that the court erred in overruling the
motion in arrest of judgment and in entering judgment on the
verdict, on the point reserved; and we will dispose of the case
as if this had been regularly assigned.

The appellant was convicted of keeping a public lodging
house in the city of Philadelphia, without a license, in viola-
tion of an act approved July 2, 1895. This act, the appellant
contends, violates the constitutional requirements, in the fail-
ure of the title to cover all the matters embraced, in a lack
of uniformity in the taxation authorized, in subjecting the
places within its provisions to unreasonable searches, and in
amending an existing statute without reënactment.

The act is entitled " An act to regulate and license public
lodging houses in the different cities in this commonwealth."
It defines a public lodging house, within the meaning of the
act, as a building, not licensed as a hotel, and excepting also
" Wayfarers' lodges " operated under the act June 13, 1883,
"in which ten or more persons are lodged for a price for a sin-
gle night of twenty-five cents or less for each person;" forbids
the keeping of such house without a license from the mayor;
fixes the license fee at $2.00; and defines the conditions under
which the license may be granted. It further provides for a
registry of the lodgers; for certain safeguards against fire, dis-
order and contagion; for a certain measure of supervision by
the authorities; and fixes a maximum punishment by fine and
imprisonment for a violation of its provisions. Whether the
supervision is reasonable at all points, we need not now inquire,

as the question of the enforcement of that phase of the law is not here presented. The act may well stand, and serve its intended purpose, without the features which the appellant deems objectionable. We cannot regard it as merely an amendment of the "Bullitt Bill." That bill is "An act to provide for the better government of cities of the first class." The lodging house act applies to all cities. That it confers powers on the authorities of all cities, not given to those of cities of the first class by the Bullitt act, does not make it an amendment of that act in the constitutional sense. All its provisions are measures of license and regulation for all cities, and are as clearly within the scope of its title as are those of the Bullitt act.

Nor do we think this act violates the constitutional provision that taxes shall be uniform on the same class of subjects. The right to classify for the purpose of taxation, particularly for license taxation — to tax the several classes at different rates, and to exempt certain classes—cannot now be questioned. The only condition requisite is that the tax on each class shall be levied alike on all the individuals of that class. It is unnecessary to add, on this point, to what has been said in The Kittanning Coal Co. v. Commonwealth, 79 Pa. 100; Com. v. Delaware Division Canal Co., 123 Pa. 596; Com. v. Brewing Co., 145 Pa. 85; Com. v. Sharon Coal Co., 164 Pa. 304, and the cases therein cited. Previous to 1887, liquor licenses were classified on the basis of annual sales; under the present law they are classified by location. Mercantile licenses have always been classified on the basis of annual sales, with a total exemption of certain classes,—of feme sole traders, and single women whose sales do not exceed $2,500, all others whose sales do not exceed $1,000, all who sell their own products, and importers of foreign goods who sell only in the original packages. The constitutionality of such classification is not to be questioned. In classifying lodging houses, as well as dealers in merchandise, it is within the legislative discretion where to fix the license line, and what to exempt: Oil City v. Trust Co., 151 Pa. 454.

The license fee required by this act is not a tax in the revenue sense. The regulation of matters affecting the public, through the medium of a license tax, is a recognized exercise of the

police power.   An example of this is found in Johnson v. Phila.,
60 Pa. 445, where an ordinance requiring a license fee of $30.00
for each street car in use was sustained.   The license fee of
$2.00, fixed by this act, is entirely reasonable.   The legislature
has undoubted power to regulate the keeping of the houses de-
scribed in the bill.   The whole scope and object of the act is
manifestly for the preservation of the public health, the public
morals and the. peace and good order of society ; and it is a legit-
imate exercise of the police power of the state.   There is no
constitutional limitation on the exercise of this power, and from
its very nature and purpose there could not well be ; on the
contrary the fundamental law expressly declares that, " the
exercise of the police power of the state shall never be abridged."
Const. Pa., article 16, section 3.

It is of common knowledge that lodging houses in cities may
be kept in a manner prejudicial to good order, to the enforce-
ment of the law, and to the public health, and may also become
a source of danger from fire.   Thousands of poor people who,
in a sense, are wards of the state, are sheltered in those places
nightly, and it is just, as well as humane, for the state to
protect them, to the extent of requiring their lodgings to be
kept in a healthful condition.   It is for the legislature to deter-
mine the class of houses embraced in this description, and this
it has done in the present act.   It is not for us to review the
legislative discretion, where properly exercised, or to say that
the houses which the act excludes are within the mischief it is
designed to remedy.

As to the argument that the powers conferred by the act may
be perverted and abused, we can only say, we are not to assume
that the public officers who are charged with the enforcement
of this law will either neglect the duties or exceed the powers
therein committed to them.   On the contrary the presumption
is that they will properly discharge the duties imposed upon
them by the statute.   Any violation of the act in this respect
would be clearly punishable under the laws of the common-
wealth.

The judgment was properly entered on the question raised
by the motion in arrest, and is therefore affirmed.