## Commonwealth *v.* Robert Muir, Appellant.

| 180 | 47 |
|---|---|
| e 19 SC | 285 |
| 180 | 47 |
| 29 SC | 328 |
| 30 SC | 65 |
| 180 | 47 |
| f217 | 304 |

*Constitutional law—Lodging house—Act of July 2, 1895.*

The Act of July 2, 1895, P. L. 428, entitled "An act to regulate and license public lodging houses in the different cities in this commonwealth," does not violate article III, sec. 3, of the constitution, relating to title of acts, nor impose a license or tax lacking uniformity, nor offend against the bill of rights forbidding unreasonable searches: See Com. v. Muir, 1 Pa. Superior Ct. 578.

Argued Jan. 8, 1897. Appeal, No. 416, Jan. T., 1896, by defendant, from judgment of Super. Ct., Nov. T., 1895, No. 67, affirming judgment of Q. S. Phila. Co., Oct. T., 1895, No. 216. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Indictment for keeping a lodging house without a license. The facts appear by the opinion of the Supreme Court.

*Error assigned* was in affirming judgment of the court of quarter sessions.

*C. Oscar Beasley*, for appellant.—The act in question is unconstitutional, because it contains subjects not covered by its title: Sewickley Borough v. Sholes, 118 Pa. 350; Road in Phœnixville, 109 Pa. 44; Beckert v. Allegheney, 4 W. N. C. 530; Allegheny City v. Moorehead, 80 Pa. 118; Ridge Ave. Pass. Ry. v. Phila., 23 W. N. C. 324.

The bill under consideration is unconstitutional because the license or tax required is not uniform upon the same class of subjects: Dwrach's App., 62 Pa. 495.

The 4th section of the act offends against the bill of rights forbidding unreasonable searches.

The act in question is in reality an amendment of the act of June 1, 1885, commonly known as the Bullitt bill, and that it is such an amendment is not stated in the title.

The police power is limited by the constitution: Com. v. Alger, 7 Cush. 84; State v. Noyes, 47 Me. 211; In re Jacobs, 33 Hun, 374; Toledo R. R. v. Jacksonville, 67 Ill. 37; 1 Dillon's Munc. Corp. 142; Cooley's Const. Lim. (6th ed.), Chap. 16; Pennoyer v. Neff, 95 U. S. 714.

*Charles E. Perkins,* and *James Alcorn,* assistant city solicitors, and *John L. Kinsey,* city solicitor, for the commonwealth, were not heard.

PER CURIAM, January 25, 1897:

The defendant was indicted in the court of quarter sessions of Philadelphia county for keeping a lodging house, without a license, contrary to the provisions of the act of July 2, 1895, and thereto plead "not guilty." Whereupon it was agreed between the commonwealth and the defendant; " (1) That Robert Muir, the defendant, at the time of his arrest, kept a lodging house at 231 Crown street in the city of Philadelphia; (2) that defendant, since the passage of the act of July 2, 1895, entitled: ' An act to regulate and license public lodging houses in the different cities of this commonwealth,' has kept and maintained a lodging house at the above-named place without a license as provided by said act; (3) it is further agreed that a verdict of guilty shall be entered on this statement of facts, reserving the point of law concerning the constitutionality of the above-mentioned act of assembly."

A verdict of guilty was accordingly rendered by the jury; and same day, for the purpose of presenting and disposing of " the point of law " reserved, a motion in arrest of judgment was made, on behalf of the defendant; which motion was afterwards overruled by the court, and judgment in due form was pronounced on the verdict. On appeal to the Superior Court (1 Pa. Superior Ct. 578), it was held that the act is constitutional; that " the judgment was properly entered on the question raised by the motion in arrest, and is therefore affirmed."

It thus appeared that the only question in the trial court, as well as in the Superior Court and here, was and is the constitutionality of the act of July 2, 1895.

We have considered the provisions of the act, and are all of opinion that the Superior Court was clearly right in holding that it is constitutional. It is so obviously constitutional and valid that discussion of the subject is unnecessary.

The judgment of the Superior Court is therefore affirmed with costs to be paid by the defendant.