# Commonwealth *v.* Rothermel, Appellant.

*Game laws—Sunday—Game and game fish—Constitutional law—Acts of June 3, 1878, P. L. 160, and May 29, 1901, P. L. 302.*

The Act of June 3, 1878, P. L. 160, entitled "An act to amend and consolidate the several acts relating to game and game fish," is not unconstitutional as containing two subjects, "game" and "game fish." Nor is it any valid objection to the act that the penalties provided in it are not expressed in the title.

There is in principle, no distinction between a prohibition of hunting or fishing on a specified day and during a specified period and it is for the

legislature to fix the times and seasons in which these acts shall be permitted or forbidden.

Section 17 of the Act of June 3, 1878, P. L. 160, forbidding hunting and fishing on Sunday is not repealed or affected by section 48 of the Act of ·May 29, 1901, P. L. 302.   The latter act applies merely to the propagation and protection of fish.

Argued Jan. 10, 1905.   Appeal, No. 40, Jan. T., 1905, by plaintiff, from order of Q. S. Wyoming Co., Oct. T., 1903, ·No. 11, refusing motion in arrest of judgment in case of Commonwealth v. W. H. Rothermel.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Indictment for fishing on Sunday.
Motion in arrest of judgment.   Before DUNHAM, P. J.

*Error assigned* was in overruling motion in arrest of judgment.

*Asa S. Keeler*, with him *W. H. McCartney*, for appellant.—· The title of the act is defective: Rogers v. Manufacturers' Imp. Co., 109 Pa. 109; Com. v. Frantz, 135 Pa. 389; Sewickley Borough v. Sholes, 118 Pa. 165; Ridge Avenue Ry. Pass. Co. v. Phila., 124 Pa. 219; Quinn v. Cumberland Co., 162 Pa. 55.

It is a settled rule in the construction of statutes that every affirmative statute is a repeal by implication of a previous affirmative statute, so far as it is contrary thereto: Com. v. Cromley, 1 Ashmead, 179; Nusser v. Com., 25 Pa. 126; Johnston's Est., 33 Pa. 511; Hicks's Est., 7 Pa. Superior Ct. 274; Emsworth Borough, 5 Pa. Superior Ct. 29; Penna. R. R. Co. v. Bogert, 209 Pa. 589.

The 17th section of the Act of June 3, 1878, P. L. 160, under which the defendant above is indicted, is unconstitutional: Winkler v. Com., 7 Pa. Dist. Rep. 696.

*O. Smith Kinner*, district attorney, for appellee.—The act is constitutional: Com. v. Mintz, 19 Pa. Superior Ct. 283 ; Rose ·v. Beaver Co., 20 Pa. Superior Ct. 110; Com. v. Gilligan, 195 Pa. 504; Powell v. Com., 114 Pa. 265; Com. v. Bender, 7 Pa.

C. C. Rep. 620; Com. v. Jones, 4 Pa. Superior Ct. 362; Com. v. Curry, 4 Pa. Superior Ct. 356; Allegheny County Home's Case, 77 Pa. 77; Com. v. Dickert, 195 Pa. 234; Com. v. Charity Hospital, 198 Pa. 270; State Line & Juniata R. R. Co.'s Appeal, 77 Pa. 429; Mt. Joy Boro. v. Lancaster, etc., Turnpike Co., 182 Pa. 581; Kachel v. Moyer, 11 Pa. Dist. Rep. 291.

The act of June 3, 1878, is quite a voluminous one, and contains many provisions throughout its length in regard to the seasons when the different species of fish may be taken, the various devices which are forbidden to be used for such purpose, the size fixed as the minimum for certain kinds of fish, and a variety of other details, all of which appear to have been re-enacted or supplied in the subsequent statutes, except the part of the 17th section, which prohibits fishing on Sunday. We contend, therefore, that the intention of the legislature was only to repeal such sections of the act of June 3, 1878, as were supplied and intended to be supplied by the later act, and therefore useless rubbish on the statute books : Updegraph v. Com., 11 S. & R. 394; Com. v. Nesbit, 34 Pa. 398; Zeisweiss v. James, 63 Pa. 465.

OPINION BY SMITH, J., April 17, 1905 :

Section 17 of the Act of June 3, 1878, P. L. 160, provides that " There shall be no hunting or shooting or fishing on the first day of the week, called Sunday, and any person offending against the provisions of this section shall be liable to a penalty of twenty-five dollars."

The defendant, having been convicted of fishing on Sunday, contends that this act is unconstitutional (1), in containing two subjects, game and game fish; (2) in that the subject of the 17th section is not clearly expressed in the title; and also that this section is repealed by section 48 of the Act of May 29, 1901, P. L. 302.

The title of the act of 1878 is " An act to amend and consolidate the several acts relating to game and game fish." As to the subject of the act, there has been from the beginning, in our acts of assembly relating to hunting and fishing, such an association of bird, beast and fish as subjects of regulation in common, with respect to time and manner of taking, and penalties

for unlawful taking, that they are to be regarded as forming collectively a single subject for statutory regulation, within the purview of the constitution; a subject embracing those creatures, feræ naturæ, of the earth, the air and the waters, which are used by man as food. While this subject includes several divisions, a statute dealing with more than one of them is not for that reason unconstitutional. Neither is it a valid objection to the act of 1878 that the penalties which it imposes are not expressed in the title. The subject of the act, as set forth in its title, is the amendment and consolidation of pre-existing acts relating to game and game fish. Therefore anything germane to any of these acts, and which might properly have been embraced in any of them, under its title, may be included under the title of the amending act. The acts thus amended and consolidated aimed at regulating the taking of wild animals, birds and fish by restrictions on the time and method of taking. Since regulation is made effective only through penalties, a title expressing a purpose to regulate implies such penalties: Com. v. Sellers, 130 Pa. 32; Com. v. Silverman, 138 Pa. 642; Com. v. Jones, 4 Pa. Superior Ct. 362. There is, in principle, no distinction between a prohibition of hunting or fishing on a specified day and during a specified period; and it is for the legislature to fix the times and seasons in which these acts shall be permitted or forbidden. In the case before us, section 17 is not only germane to the acts which are amended and consolidated, but is in terms a re-enactment of section 16 of the act of May 5, 1876 P. L. 104, which is itself an act amending and consolidating the preceding acts in relation to game and fish.

There is no substantial ground for regarding section 17 of the act of 1878 as repealed by section 48 of the act of 1901. The subject of the latter act, as expressed in its title, is the encouragement and regulation of the propagation of fish, by restricting methods of fishing, and establishing closed seasons for the different species. Section 48 provides that " The following acts and parts of acts of assembly are intended to be supplied by this act, and the same are hereby repealed: (1) An act to amend and consolidate the several acts relating to game and game fish, approved the third day of June, Anno Domini one thousand eight hundred and seventy-eight; each and all

the several sections thereof in so far as they relate to fish."
The obvious construction of this is that it repeals those sec-
tions of the act of 1878 relating to fish only so far as they are
supplied by the act of 1901; such being the declared intention
of the repealing clause. The latter act supplies every provi-
sion of the former relating to the subject of the latter—that
is to say, the propagation and protection of fish. But it supplies
neither the prohibition or the penalty of fishing on Sunday, and
there is no apparent intention in either the title or the body of
the act to repeal any prohibition or penalty not therein sup-
plied. Section 17 of the act of 1878, applies alike to hunting,
shooting and fishing. To remove the prohibition as to one, by
an implied repeal, while it remains as to the others, is a mutila-
tion of its provision for the prevention of all which cannot be
regarded as within the legislative intent.

Judgment affirmed.