## HOOPER v. BATDORFF.

Physicians—Regulation—Statutes.

> Act No. 191, Pub. Acts 1903, applying in terms to those who "wish to begin the practice of medicine, etc.," requires those illegally practicing under the prior law to register as well as those who have not heretofore practiced; it being reasonable to say that one who is not a lawful practitioner is a beginner.

Certiorari to Calhoun; Hopkins, J. Submitted June 6, 1905. (Calendar No. 21,101.) Decided September 20, 1905.

Mandamus by Joseph L. Hooper, prosecuting attorney, to compel Howard H. Batdorff, a justice of the peace, to issue a warrant. There was an order denying the writ, and relator brings certiorari. Reversed.

*Joseph L. Hooper*, in pro. per.

*Walter S. Powers*, for respondent.

HOOKER, J. Griswold had been practicing medicine prior to September, 1903, in violation of law (Act No. 237, Pub. Acts 1899), not having been registered as thereby required. In September, 1903, Act No. 191 of that year took effect (Act No. 191, Pub. Acts 1903), being amendatory to the act first cited. Griswold has since continued to practice medicine without any effort to comply with such laws. On January 23, 1905, relator presented a sworn complaint to the respondent, requesting him to file the same and to issue a warrant for said Griswold, under the provisions of said act. This was refused, and relator applied to the circuit court for a mandamus to compel it.

The return of the justice shows that Griswold had practiced in Battle Creek continuously from and after Decem-

141 Mich.—23.

ber, 1902, and that he was not registered under any law of the State prior to Act No. 237 of the Public Acts of 1899, although said act, § 3, provided that—

"On and after the second Tuesday of October, eighteen hundred and ninety-nine, all men and women engaged in the practice of medicine and surgery in any of its branches, and all who wish to begin the same in this State,  *  *  * shall make application  *  *  *  for a certificate," etc.

Section 7 provided a penalty for a violation of the act. Further, that by amendment (Act No. 191, Pub. Acts 1903) the law was amended:

"On and after the date of the passage of this act, all men and women who wish to begin the practice of medicine and surgery in any of its branches in this State shall make application to the State board of registration in medicine to be registered and for a certificate of registration."

It was contended, on his behalf, that he did not fall within the terms of this provision, for the reason that, inasmuch as he was already engaged in practice, though in violation of law, it cannot be said that he "wished to begin the practice." The circuit court sustained this contention and denied the writ. The cause is now here upon certiorari.

Attention is called to the fact that the act of 1899 requires all persons engaged in or who wish to begin the practice to make application, etc., while the amendatory act omits the former class, thus apparently limiting the law to cases of beginners in practice. We think this inconsistent with the legislation upon the subject, which began as early as 1883. Act No. 167, Pub. Acts 1883; Act No. 268, Pub. Acts 1887. Considering these several acts, it is reasonable to believe that in 1899 the legislature took it for granted that practitioners then engaged in business had complied with the law of 1899, and that it was not the design to compel them to again make application. We cannot believe that they deliberately intended to offer a premium to law breakers, which is the effect of

respondent's contention. It is more reasonable to say that such a man is a beginner for the purpose of making such an application, not being already a *lawful* practitioner.

The order of the circuit court is reversed, and the writ will issue as prayed.

MOORE, C. J., and CARPENTER, MCALVAY, GRANT, and HOOKER, JJ., concurred.