# Commonwealth *v.* Clymer, Appellant.

*Constitutional law—Title of act—Practice of medicine—License—Act of May* 18, 1893, *P. L.* 94*—Criminal law.*

The Act of May 18, 1893, P. L. 94, entitled "An Act to establish a Medical Council, and three State Boards of Medical Examiners, to define the powers and duties of said Medical Council and said State Boards of Medical Examiners, to provide for the examination and licensing of practitioners of medicine and surgery, to further regulate the practice of medicine and surgery, and to make an appropriation for the Medical Council," is constitutional, and gives sufficient notice of the provision contained in sec. 14 of the act making a violation of the provisions of the act relating to the practice of medicine without a license, a misdemeanor.

On a prosecution for practicing medicine without a license, a clerk in the office of the state superintendent of public construction may testify that he had examined the record of the state medical council, and that he had not found the defendant registered therein; and this is especially the case where the record produced from the office of the prothonotary shows that none of the papers filed by the defendant for the purpose of registration was a license issued by the Medical Council of the state, and that in the affidavit filed by the defendant in the prothonotary's office the clauses of the blank relative to the state license had been all erased.

In a prosecution for practicing medicine without a state license, it is not necessary for the court to instruct the jury as to the law of costs in case of acquittal.

Argued Dec. 12, 1905.    Appeal, No. 217, Oct. T., 1905, by defendant, from judgment of Q. S. Lehigh Co., April T., 1905, No. 35, on verdict of guilty in case of Commonwealth v. R. S. Clymer.    Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Indictment for practicing medicine without a state license. Before TREXLER, P. J.

At the trial when H. H. Fleisher, a clerk in the office of the state superintendent of public construction, was on the stand, he was asked this question :

"Q. And those records are the official records of the office ? A. Yes, sir.    Q. And they are under the control of the superintendent of public instruction, who is a member of the board?    A. Yes, sir.    Q. And Doctor N. C. Schaeffer is a member of that board?    A. Yes, sir.    Q. Did you examine that record?    A. Yes, sir.    Q. From what time to what time did you examine it?    A. From June, 1894, up to the present time.    Q. When you say from June, 1894, up to the present time, what time do you mean, up to yesterday or day before? A. Up to April 11, 1905.    Q. Were there any examinations before the board prior to June, 1894 ?    A. I don't know.    Q. Is there any record prior to that time?    A. No, sir.    Q. In examining the record did you find the name of one R. S. Clymer upon it ? "

Mr. Schaadt: This is objected to as incompetent and irrelevant.

The Court : The court is of the opinion that the records are not within the jurisdiction of the court and the objection is overruled.

The defendant asks for a bill, and further objects to the testimony of the witness as incompetent and irrelevant, because if the records are not able to be produced in court, then the next best testimony are certificates under the hand of the proper officer and the seal of his department, and because sec. 12 of act of 1893 provides that the record of the state medical board of examiners shall be open to public inspection,

and in all legal proceedings shall have the same weight as evidence that is given to the conveyance of land.

The Court: The objection is overruled and bill sealed for defendant. [3]

Senator Dewalt: " Q. Did you find in your examination of the records from June, 1894, up to and including April 11, 1905, the registration of any such person as R. S. Clymer? A. I did not. Q. Did you make such search? A. Yes, sir, I did. Q. Is there any such registration? A. There is not. Q. There is no such name upon your books? A. No, sir."

The court charged in part as follows:

[Now, if you find that the defendant has not passed the state board examination and has not duly registered under the act, then it is your duty to convict. You are judges of the law and the facts. If a lawyer in his address to the jury, makes a misstatement and the man is acquitted thereby, that mistake can never be corrected. If the court in its instruction to the jury makes a misstatement, that mistake on the part of the court can be corrected on appeal to a higher court, which is the privilege in every case, so that I state to you as a matter of law, if you find that Dr. Clymer practiced medicine, without first having passed the state board examination, then he is guilty of a violation of the act; if he has failed to comply with any other provision of the act, to which he is liable under the act, he is guilty of its violation.] [4]

[If I were on the jury, I would have no difficulty in bringing in a verdict of guilty, but as I said before, that you can do or not as you see fit, under your conscience and under the oath. It is your duty to take the law from the court, and the best evidence of the law, considered only as evidence, is that which the court gives to you, and I think I can safely leave this matter in your hands ; that you will do what is right; the verdict should be of guilty or not guilty.] [5]

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* among others were (3) rulings, on evidence, quoting, the bill of exceptions ; (4, 5) above instructions, quoting them.

*C. Oscar Beasley*, with him *James L. Schaadt*, for appellant. —The act of 1893 is unconstitutional: Com. ex rel. v. Samuels, 163 Pa. 283.

It was error to admit oral testimony as to the state record: Garwood v. Dennis, 4 Binney, 314; Carkhuff v. Anderson, 3 Binney, 4; Talbot v. Jansen, 3 Dallas, 133; United States v. Johns, 4 Dallas, 412; Scott v. Leather, 3 Yeates, 184; Stoever v. Whitman, 6 Binney, 416; Salmon v. Rance, 3 S. & R. 311; Jones v. Ross, 2 Dallas, 143; Hockenbury v. Carlisle, 1 W. & S. 282.

The judge may upon the trial of a case express an opinion upon the facts if they are properly referred to the jury, but care should be taken not to infringe the province of the jury so as to relieve them from the necessity of pronouncing an intelligent judgment: Ditmars v. Commonwealth, 47 Pa. 335; Leibig v. Steiner, 94 Pa. 466; Kilpatrick v. Com., 31 Pa. 198; Kane v. Com., 89 Pa. 522; Com. v. McManus, 143 Pa. 64.

*A. G. Dewalt*, with him *H. W. Schantz*, district attorney, for appellee.—The act of 1893 is constitutional: Com. v. Rothermel, 27 Pa. Superior Ct. 648; Com. v. Silverman, 138 Pa. 642; Com. v. Green, 58 Pa. 226; Yeager v. Weaver, 64 Pa. 425; Com. v. Lloyd, 2 Pa. Superior Ct. 6; Washington Boro. v. McGeorge, 146 Pa. 248; Com. v. Jones, 4 Pa. Superior Ct. 362.

The testimony of Fleisher was proper: Com. v. Wenzel, 24 Pa. Superior Ct. 467.

OPINION BY RICE, P. J., January 13, 1906:

It is argued that the Act of May 18, 1893, P. L. 94, is unconstitutional, because the subject of legislation is not clearly expressed in the title. The particular objection is that the title gives no notice of the provision, contained in the fourteenth section, making a violation of any of the provisions of the act, especially those relating to practicing medicine or surgery without license and registration, a misdemeanor punishable by fine. Inasmuch as the subject of legislation, as expressed in the title, is the examination and licensing of practitioners of medicine and surgery and the further regulation of the practice of medicine and surgery, any one would naturally

suppose from reading the title that the act not only provided
for the licensing of such practitioners but declared the conse-
quences of practicing without complying with its provisions.
" For," as Blackstone says, " it is but lost labor to say, ' do
this, or avoid that,' unless we also declare, ' this shall be the
consequence of your noncompliance.' We must therefore ob-
serve, that the main strength and force of law consists in the
penalty annexed to it." Bl. Com. Introd. 57. It is not to be
supposed that this would be omitted from such legislation as
is described in this title, and any one reading it would be led
to look into the body of the act to see what consequences it at-
taches, penal or otherwise, to noncompliance with its provi-
sions. The fact that a title as broad as this does not expressly
declare that a violation of the provisions of the act is made a
penal offense is not a valid objection. This has been decided
in numerous cases wherein the precise question has been duly
considered, and Mansfield's Case, 22 Pa. Superior Ct. 224,
which is cited by the appellant's counsel as authority for a dif-
ferent conclusion, is not in conflict with them, as an examina-
tion of Judge PORTER'S opinion will show. Amongst these
cases are Commonwealth v. Sellers, 130 Pa. 32 ; Commonwealth
v. Silverman, 138 Pa. 642 ; Commonwealth v. Muir, 1 Pa. Su-
perior Ct. 578 ; s. c. 180 Pa. 47 ; Commonwealth v. Moore, 2
Pa. Superior Ct. 162 ; Commonwealth v. Jones, 4 Pa. Superior
Ct. 362 ; Commonwealth v. Beatty, 15 Pa. Superior Ct. 5 ;
Commonwealth v. Rothermel, 27 Pa. Superior Ct. 648. The
constitutionality of the act was under consideration in Com-
monwealth v. Finn, 11 Pa. Superior Ct. 620, and again in In re
Registration of Campbell, 197 Pa. 581. In the latter case the
sufficiency of the title as notice of the provision for registration
was affirmed in a statement of general principles which fully
covers the objection raised in this case.

The admission of the testimony of the statistical clerk, who
assisted in keeping the records of the medical council and the
state board of medical examiners, that he had examined them
and could not find the name of R. S. Clymer therein was not
prejudicial error, even though this mode of proving the con-
tents of the record was open to objection. In view of the fact
that these records are voluminous and are kept at Harrisburg,
and of the great inconvenience that would be caused by com-

pelling their production for the inspection of the jury, we are not prepared to declare that this testimony was not admissible; but it seems unnecessary to go into a discussion of that question because, according to the doctrine of Commonwealth v. Wenzel, 24 Pa. Superior Ct. 467, and in view of the state of the record produced from the prothonotary's office, it was not incumbent upon the commonwealth, in the first instance, to prove that the defendant had no license.

The fact that the defendant practiced medicine as alleged in the indictment was established by abundant testimony and was not in dispute. The legal question was whether he had a right to do so; to be more explicit, whether he had complied with the provisions of the act of 1893. The record produced from the office of the prothonotary, taken in connection with the uncontradicted testimony of the deputy, showed that none of the papers exhibited by the defendant for the purpose of registration was a license issued by the medical council of Pennsylvania, and no such license was produced on the trial, or was proved and its nonproduction accounted for. Moreover, in the affidavit filed by the defendant with these papers the clauses of the blank relative to the exhibition of a license issued by the medical council, and to compliance with the provisions of the act of 1893, were all erased, thus showing that the defendant was careful not to assert that he had any such license, or that he had complied with the provisions of the act. In view of these facts the court was justified in expressing to the jury his opinion as to what the verdict should be. It is often permissible and sometimes advisable for a judge in his charge to the jury to express an opinion upon the facts, provided he does it fairly and does not give a binding direction as to them: Commonwealth v. Winkelman, 12 Pa. Superior Ct. 497 and cases there cited. It is even more appropriate for him to do so where the case depends as fully as this did upon questions of law and the construction of public records. We are not convinced that the judge went farther than he was warranted in doing; indeed, even if he had still more explicitly instructed the jury that the record produced from the prothonotary's office showed that the defendant did not exhibit to the prothonotary a license issued by the medical council of Pennsylvania, we cannot say that this would have been error.

The complaint that the court should have instructed the jury as to the law of costs in case of acquittal is without merit. No such instructions were asked and it was not important for the jury to know what the law was upon that subject in the event of their finding the defendant guilty. We have no right to suppose that if the judge had charged them fully upon that subject their verdict would have been different.

All the assignments of error are overruled, the judgment is affirmed and the record is remitted to the court below to the end that the sentence be carried into effect.