# Commonwealth *v.* Petry, Appellant.

*Criminal law—Dentistry—Practicing without license—Construction of statutes—"Enter upon"—Acts of July 9, 1897, P. L. 206, and May 3, 1915, P. L. 219.*

The defendant was indicted under the Act of May 3, 1915, P. L. 219, for practicing dentistry without a license. He admitted that he had been engaged in such practice since 1895 and had no license. He claimed to be exempt from the necessity of obtaining a license under the Act of 1915 because of the provision that it shall not apply to those who were engaged in actual lawful practice for five years prior to its passage.

The defendant contended that his practicing without license under the Act of July 9, 1897, P. L. 206, for more than five years prior to 1915, was a lawful practice because the former act made it un-

28    COMMONWEALTH *v.* PETRY, Appellant.

lawful "to enter upon the practice of dentistry" without license and he had already actually begun practicing in 1895, before the act became effective.

*Held:* While it is true that the words "enter upon" usually mean to begin, nevertheless, a general reading of the Act of 1897 indicates it was not the legislative intent to limit the application to those persons who should thereafter begin the practice of dentistry. The defendant was not engaged in the actual lawful practice of dentistry for five years prior to the passage of the Act of 1915 and was properly convicted upon the indictment for its violation.

*Practice, Q. S.—Charge of the court—Expression of opinion—Binding instructions.*

Upon the trial of an indictment charging a statutory offense, where the defendant comes into court and admits the facts upon which the charge is based and merely raises the question as to whether he has committed a crime, it is not error for the court to express an opinion that the jury should return a verdict of guilty. So long as the judge expresses his opinion fairly and does not give binding instructions he is acting in accordance with his duty.

Argued March 12, 1922.    Appeal, No. 103, April T., 1923, by defendant, from judgment of Q. S. Allegheny County, April sessions, 1920, No. 147, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Jacob Petry.    Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Affirmed.

Indictment for practicing dentistry without a license. Before McLAUGHRY, P. J., 35th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned,* inter alia, were various rulings upon evidence, the charge of the court, and the judgment and sentence of the court.

*J. D. Hern,* and with him *John M. Henry,* for appellant.—The defendant was engaged in the actual lawful

# COMMONWEALTH *v.* PETRY, Appellant. 29

27, (1923).]    Arguments—Opinion of the Court.

practice of dentistry for more than five years: Com. v. Gibson, 21 Pa. Co. Ct. Rep. 232.

The charge of the court was in effect binding instructions to return a verdict of guilty and a direct violation of defendant's constitutional right: Kane v. Com., 89 Pa. 522; Lovejoy v. U. S. 128 U. S. 171.

*Louis Caplan,* and with him *Samuel H. Gardner,* District Attorney, and *George E. P. Langfitt,* Assistant District Attorney, for appellee.—Appellant has no vested or constitutional right to practice dentistry without a license: Dent. v. W. Va., 129 Pa. 114; Com. v. Densten, 217 Pa. 423.

Opinion by Trexler, J., April 18, 1923:

The defendant was charged with having unlawfully engaged in the practice of dentistry without having first duly qualified and registered as a practitioner in dentistry and without having first obtained a license as required by the Act of 3d of May, 1915, P. L. 219. The act has this provision: "This act shall not affect the right of any person to practice dentistry, who is entitled to do so under the provisions of an act of assembly in force, or who shall have conducted the actual lawful practice of dentistry in this Commonwealth for five years continuously, preceding the passage of this act." It was admitted by counsel for defendant that the defendant was not at any time licensed to practice dentistry by any official body of the State and that he never filed any license or any affidavit as to the practice of dentistry in the proper office of the county in which he practiced. Clearly the only way that the defendant can escape the provisions of the act is to show that he lawfully practiced dentistry for five years preceding the passing of the act. The defendant seeks to prove this by reference to the Act of July 9, 1897, P. L. 206. Defendant started to practice dentistry in Pennsylvania in 1895, but failed to comply with the Act of June 10, 1893, P. L. 441, then in force.

The Act of 1897 provided that it take effect on October 1, 1897, and defendant contends that in the interim between July, 1897, the date of the Act to October 1, 1897, he was lawfully practicing dentistry, as there was no act in force during those months. The Act of 1897 repeals all former acts and in the 13th section provides that it shall not be lawful for any person in the State of Pennsylvania to enter upon the practicing of dentistry unless he has complied with the provisions of this act. Defendant's argument is that as he did not enter upon the practice after the passage of the Act of 1897, he was lawfully following his profession as there was then no law applying to him, the former acts as we have already stated having been repealed. Having practiced lawfully from July to October, 1897, and thereafter for a period of more than five years, he says he comes within the exemption contained in the Act of 1915 under which he was indicted.

It will be observed that defendant's case depends upon the construction of the words "entered upon" in the Act of 1897. We do not think that the intention of the legislature was that the act should apply only to those persons who should begin the practice of dentistry. It is true that the words "enter upon" usually have that significance but the intent of the act should be taken from its entire contents. The act provides that it shall not be construed to prohibit the practice of dentistry by any practitioner who shall have been duly registered in accordance with the laws of this Commonwealth existing prior to the passage of this act, and in another place, that the act shall not affect any person who has the right to practice dentistry under the acts of assembly in force, or who shall have conducted the actual, lawful practice of dentistry in this Commonwealth five years continuously, preceding the passage of this act. These provisions would be meaningless if we would hold that the act applied only to beginners in the practice of dentistry. There are similar provisions in the laws of Illinois and

Michigan. In the former state the court has this to say in construing the words "shall begin the practice of dentistry." "The act clearly provides a penalty for any person practicing dentistry unless previously licensed and to hold that the legislature by the use of these words 'shall begin' intended to grant immunity to persons who had practiced dentistry unlawfully prior to and at the time the act took effect would be wholly unwarranted and a very narrow and technical construction." The court, therefore, held that the words "shall begin" are applicable to one who continued after the act took effect, the illegal dentistry previously begun. In Hooper v. Baldorf, 141 Michigan 353, 104 N. W. 667, in reaching the same conclusion, the court states "It is more reasonable to say that such a man is a beginner for the purpose of making such an application not being already a lawful practitioner." Our own court is committed to the same view, for in Com. v. Campbell, 22 Pa. Superior Ct. 98, a case arising under the Act of May 18, 1893, P. L. 94, forbidding any one to "enter upon the practice of medicine," Judge SMITH speaking for the court stated: "The gist of the offense is the practice of medicine and surgery by an unregistered, and hence, presumptively, an unqualified person. If an indictment will lie only for beginning such practice, the statute may be disregarded with impunity after the statute of limitations has closed on the initial offense." We think the lower court properly concluded from a general reading of the act, that it was not the intention of the legislature to have the act apply only to those beginning the practice of dentistry.

The counsel for the appellant claims that the court exceeded its authority in its instruction to the jury in a case of this kind in that it stated that if "the defendant practiced within the last two years, as alleged in the indictment, and he practiced without a license and was not registered, it is the duty of the jury to return a verdict of guilty. The laws are laid down by the legislature, and it is the duty of those who are practicing dentistry

to comply with those laws. It is not a privilege of the court to set them aside, nor the privilege of the jurors. The defendant here has admitted that he practiced within the last two years. He has further admitted that he has not been licensed and has not registered; and we think under the law that it is the duty of the court to say to you that you shall return a verdict of guilty as charged in each of these indictments. So the matter is referred to you for the purpose of rendering a verdict." The counsel for the defendant then objected to what he considered were binding instructions given by the court, which the court thereupon disclaimed having given. The counsel for the Commonwealth then interposed stating "the matter is still left to the jury" the court replied "left to the jury, that is what they should do under these circumstances." Further colloquy brought out the fact that the defendant did not really want the case to "go off" on the point of giving binding instructions and withdrew his objection, and it was not pressed in the motion for a new trial. We do not think the court exceeded its authority. When a defendant comes into court and admits the facts upon which the charge is based and merely raises the question as to whether he has committed a crime, the court should have the privilege of advising the jury in very definite terms as to what the law is and their duty in such cases. In Com. v. Clymer, 30 Pa. Superior Ct. 61, s. c. 217 Pa. 302, the defendant was prosecuted for practicing medicine without a license and it was held that the court was justified in expressing to the jury its opinion as to what the verdict should be, "It is often permissible and sometimes advisable for a judge in his charge to the jury to express an opinion upon the facts, provided he does it fairly and not give a binding direction as to them: Com. v. Winkelman, 12 Pa. Superior Ct. 497, and cases there cited. It is even more appropriate for him to do so where the case depends...... upon questions of law and the construction of public records." So also in Commonwealth v. Campbell, supra.

where the trial judge expressed his opinion as to the guilt of the defendant, this court stated: "The trial judge was clearly right. The duty of a jury is to give a verdict in accordance with the evidence and charge of the court, and not upon their own view of justice." All the cases, and there are many, agree that as long as a judge expresses his opinion fairly and does not give binding instructions he is within his rights. See P. & L. Digest of Decisions, vol. 2, 2668. We cite the two cases above because the facts involved were very similar to those in the case before us. See also Johnston v. Com., 85 Pa. 54.

All the assignments of error are overruled and the judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.