## Commonwealth v. Dryfoos, 3rd

*Leon Schwartz, District Attorney, for plaintiff.*
*John Cotsack, for defendant.*

VALENTINE, P. J., October 24, 1951.—Defendant was summarily convicted and fined $10 and costs for the violation of section 718 of The Game Law of June 3, 1937, P. L. 1225.

An appeal was allowed to this court. When the case was called for hearing, defendant's counsel moved "to dismiss the proceedings on the ground that the act mentioned above, and involved in this proceeding, is

illegal and unconstitutional and assuming the charge to be true the defendant has not committed any criminal act."

The specific contentions upon which the motion is based, as embodied in defendant's petition for appeal, are:

1. "That section 718 of the Act of June, 1937, P. L. 1225, is unconstitutional in that it gives the employees of Game Commission arbitrary and unconstitutional power to fix the penalty of one accused of violating the act."

2. "The act is unconstitutional in that it permits and makes possible discrimination by those who administer it; and vests judicial power in administrative officers."

3. "The act is unconstitutional in that it denies equal justice; and violates article III, sec. 3 and article V, sec. 19 of the Constitution of Pennsylvania, and fourteenth amendment of United States."

Upon due consideration we are constrained to the conclusion that these reasons lack merit.

1. Section 718 of the act makes it unlawful for an owner to permit his dog to pursue small game during the close season and provides, inter alia:

"Any person who shall permit his dog or a dog under his control to pursue small game during the close season, shall be liable, without notice of any kind, to a penalty of ten dollars and costs of prosecution for each day small game may be pursued in violation of this section, and to an additional penalty of five dollars for each such animal or bird injured or killed by such dog without the aid or direction of its master."

This section does not "give the employees of the Game Commission . . . power to fix the penalty." The penalty is designated by the above section. The procedure is provided for by article XII, which vests in a

justice of the peace power and authority to hear and determine violations of the type here charged.

2. The act vests no judicial power in administrative officers. We have not been advised of (nor can we discover) any objection to the act upon the theory that "it permits possible discrimination by those who administer it."

3. Article III, sec. 3 of the State Constitution alleged to have been violated by the act, provides:

"No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title."

The title of the act in question is:

"An Act concerning game and other wild birds and wild animals; and amending, revising, consolidating, and changing the law relating thereto."

The language of the title is clearly sufficient and in no way violates the constitutional requirement. The fact that the penalties provided for in the body of the act are not expressed in the title forms no basis for objection: Commonwealth v. Rothermel, 27 Pa. Superior Ct. 648; Germantown Trust Co. v. Powell, 265 Pa. 71.

Article V, sec. 19 of the State Constitution relates to the residence of judges. The language of this section is:

"The Judges of the Supreme Court, during their continuance in office, shall reside within this Commonwealth; and the other judges, during their continuance in office, shall reside within the districts for which they shall be respectively elected."

We have not been advised in what respect the act allegedly violates this provision; neither has it been asserted that any member of the court has failed to comply with the constitutional requirements, nor can we understand how a defendant who has been fined $10 for violating the game law could raise such question or profit by so doing.

176

Although we believe that the fourteenth amendment to the Federal Constitution has, in recent years, frequently been stretched near the breaking point, we feel confident it cannot be successfully invoked in the instant case. Defendant has not been deprived of "due process".

Therefore, now, October 24, 1951, the motion to dismiss is denied and it is directed that the case be placed upon the next list that the merits may be determined.