## COMMONWEALTH v. JAMES SELLERS.
## COMMONWEALTH v. JAMES SELLERS.

APPEALS BY DEFENDANT FROM THE COURT OF QUARTER SESSIONS OF BUTLER COUNTY.

Argued October 21, 1889—Decided October 28, 1889.

1. In an indictment under § 17, act of May 13, 1887, P. L. 108, for furnishing liquors to a minor, or person of known intemperate habits, it is unnecessary to aver that the defendant " knowingly and wilfully " furnished, etc.  It is sufficient to charge the offence substantially in the language of the act.*

---

* See Carlson's License, 127 Pa. 330.

2. The said act does not offend against § 3, article III. of the constitution, declaring that "no bill . . . . . shall be passed containing more 'than one subject, which shall be clearly expressed in its title : " there is not a single section of the act, or clause of any section, that is not germane to the subject of the title.

3. The proviso to § 19 of the act, that the act shall not be held to authorize the sale of liquors in counties, cities, boroughs or townships having special prohibitory laws, does not render the act violative of § 7, article III. of the constitution, prohibiting local or special legislation.

4. On an indictment for the furnishing of liquors to minors or men of intemperate habits, it is not a defence that the statute under which it was framed was enacted after the granting to the defendant, under prior laws, of a license to sell liquors, which license was still in force.

Before STERRETT, GREEN, WILLIAMS, MCCOLLUM and MITCHELL, JJ.

Nos. 14, 15 October Term 1889, Sup. Ct.; court below, Nos. 41, 42 September Term 1887, Q. S.

On September 7, 1887, the grand jury returned as a true bill an indictment to No. 41 of the court below charging that James Sellers on September 5, 1887, "did furnish by sale, gift or otherwise, spirituous, vinous, malt or brewed liquors to Tillie Cline and E. B. McDonald, for their use . . . . , they the said Tillie Cline and E. B. McDonald then and there being minors; contrary," etc. On the same day, an indictment to No. 42 of the court below charging that James Sellers on September 5, 1887, "did unlawfully furnish by sale, gift or otherwise, spirituous, vinous, malt or brewed liquors to John Reiger [and others named], they the said [persons named] then and there being persons of known intemperate habits, contrary," etc.

These indictments were called for trial together before HAZEN, P. J., on September 15, 1887, when in No. 42 the defendant's counsel filed a motion to quash the indictment for the reasons following :

1. Because it does not charge that the defendant knew that the persons therein named were persons of known intemperate habits. Guilty knowledge is the gist of the offence, and the pleader having failed to charge it, the bill of indictment is invalid.

2. Because the bill of indictment does not aver that the de-

Arguments.

fendant knowingly and wilfully furnished by gift, sale or otherwise, for use as a beverage, intoxicating liquors.

By the court: The motion is refused.

The trial of the indictments proceeding, it was made to appear, inter alia, that the defendant held a license to sell liquors granted on April 4, 1887. The jury returned a verdict of guilty, on each indictment. Rules for a new trial having been discharged, on October 1, 1887, judgment was passed upon the defendant, on each indictment, when, on allowance thereof, the defendant took these appeals, specifying that the court erred:

1, 2. In not quashing the indictment because it did not aver that the defendant knowingly and wilfully furnished intoxicating liquors, by gift, sale or otherwise, for use as a beverage.

3, 4. In sustaining the conviction, and sentencing the defendant under the act of May 13, 1887, P. L. 108, and in not holding and deciding that said act was unconstitutional and void.

5. In sentencing the defendant under the provisions of the act of May 13, 1887, passed subsequent to the date of his license granted to him under prior laws.*

*Mr. M. B. McBride* (with him *Mr. H. H. Goucher*), for the appellant.

Counsel cited, (1) upon the point that the word " wilfully " was required in indictments under prior statutes: Act of May 8, 1854, P. L. 663. (2) That the act of May 13, 1887, P. L. 108, is unconstitutional: Dorsey's App., 72 Pa. 192; Beckert v. Allegheny City, 85 Pa. 191; Phœnixville Bor. Road, 109 Pa. 44; Rogers v. M. Imp. Co., 109 Pa. 109; Hatfield v. Commonwealth, 120 Pa. 395; Morrison v. Bachert, 112 Pa. 322; Commonwealth v. Patton, 88 Pa. 258; Davis v. Clark, 106 Pa. 377; Scranton School D.'s App., 113 Pa. 176; Ayars' App., 122 Pa. 266.

*Mr. R. P. Scott* and *Mr. C. A. McPherrin*, District Attorney, were not heard for the commonwealth.

The brief filed cited: Commonwealth v. McCandless, 21 W. N. 162.

---

* The exceptions upon which these specifications of error were based did not appear in the paper-books.

NO. 14.

OPINION, MR. JUSTICE STERRETT:

The appellant, James Sellers, was indicted, convicted, and sentenced for furnishing intoxicating liquors, on September 5, 1887, in the county of Butler, " to Tillie Cline and E. B. Mc-Donald, for their use, . . . . . they, the said Tillie Cline and E. B. McDonald, being then and there minors, contrary to the act," etc.

The subject of complaint in the first and second specifications is, that the court erred in not quashing the indictment before the jury was sworn, because it does not aver that the defendant knowingly and wilfully furnished the intoxicating liquor, etc.    To that it may be answered that the indictment is not under the former law, but under the seventeenth section of the act of May 13, 1887, in which the words "knowingly and wilfully" are not employed.    It charges the offence substantially in the language of the act prohibiting it and prescribing the punishment, and is therefore sufficient according to the provisions of our criminal procedure act: § 11, act of March 31, 1860, P. L. 433.

The third and fourth specifications are that the court erred in sustaining the conviction, and sentencing defendant, under the act of May 13, 1887, and in not holding that said act is unconstitutional.

It is claimed the act is unconstitutional because it offends against § 3 of article III. of the constitution, which declares : " No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title."    The act in question is entitled " An act to restrain and regulate the sale of vinous and spirituous, malt, or brewed liquors, or any admixture thereof."    There is not a single section, or clause of any section, in the act, that is not clearly germane to the subject expressed in its title.

It is also claimed that the act offends against § 7 of same article, in that the proviso to the nineteenth section declares that none of its provisions " shall be held to authorize the sale of any spirituous, vinous, malt, or brewed liquors, or any admixture thereof, in any city, county, borough, or township having special prohibitory laws."    The object of this proviso was not to designate other districts in which no license to sell intoxicat-

Opinions of the Court.

ing liquors shall be granted, but to avoid any doubt as to the intention of the legislature to leave intact special prohibitory laws, enacted prior to the adoption of the present constitution.

The last specification is that the court erred in sentencing appellant, under the act of May 13, 1887, passed subsequent to the date of granting him a tavern license under prior laws. The license referred to was granted by the commonwealth, and accepted by appellant, subject to such laws as were then in ·force, or might thereafter be passed, restraining and regulating the sale of intoxicating liquors. In granting the license under then existing laws it is not possible that the commonwealth intended to barter away its right to legislate, as to him and everybody else, on the subject of selling or disposing of intoxicating liquors, whenever the public good might require.

The able and ingenious argument of the learned counsel for appellant has failed to convince us that there was any error in the trial, conviction, or sentence.

> The judgment of the Court of Quarter Sessions is therefore affirmed, and record remitted.

## NO. 15.

OPINION, MR. JUSTICE STERRETT:

Substantially the same questions that are presented in this case have been considered and decided in Commonwealth against same appellant, No. 14 of this term. For reasons given in the opinion just filed in that case, we are not convinced that there is any error in this record.

> The judgment of the Court of Quarter Sessions is therefore affirmed, and record remitted.