# Commonwealth *v.* Donahue, Appellant.

*Liquor laws—Wholesaler's—Minimum quantity—Permitting liquor to be drunk on premises—Act of June 9, 1891.*

The holder of a license under a previous law becomes subject to regulations which are established by legislation subsequent to the grant of his license: Com. v. Sellers, 130 Pa. 32, affirmed.

*Statutes—Interpretation of—Proviso.*

The proviso in the act of June 9, 1891, prohibiting wholesale dealers from selling brewed or malt liquors in less quantities than twelve pint bottles, and from permitting liquor to be drunk on the premises where sold, applies to dealers whose licenses were granted before the passage of the act.

Argued March 31, 1892. Appeal, No. 202, Jan. T., 1892, by defendant, Arthur Donahue, from judgment of Q. S. Phila. Co., revoking wholesale liquor license. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Rule to revoke license.

The petition alleged that the defendant had a wholesale license and had sold vinous, spiritous, malt or brewed liquors in less quantities than one gallon and in less quantities than twelve pint bottles; that he had sold liquors at retail and had allowed liquors to be drunk on the premises where sold. The defendant's answer stated that his license ran from the 1st of June, 1891, to the first of June, 1892, and was granted under the provisions of the act of May 13, 1887; and admitted that he had sold vinous, spiritous, malt or brewed liquors in less quantities than one gallon and in less quantities than twelve pint bottles; and that he had allowed liquor to be drunk on the premises where sold; but denied that he had sold liquors at retail or in less quantities than one quart. The court below having, when the petition was filed, granted a rule to show cause why the license should not be revoked, after argument upon petition and answer, made the rule absolute.

*Errors assigned* were (1) revoking the license; (2) that upon the facts as they appear of record the court below had no jurisdiction to revoke the license.

*S. E. Cavin,* for appellant.—The proviso of the act of June 9, 1891, does not apply to those holding licenses granted before

the passage of the act: definitions of "proviso" by Worcester, Webster and Black; Minis *v.* U. S., 15 Peters, 445; County *v.* Meyer, 102 Pa. 479.

*L. D. Vail,* for appellee.

OPINION BY MR. JUSTICE GREEN, May 2, 1892:

While it is true that the clause of the act of June 9, 1891, which prohibits wholesale dealers from selling less than twelve pint bottles, and from permitting liquor to be drunk on the premises, is a proviso clause to a section which directs a method of granting licenses, yet the language of the proviso is very general in its terms, and embraces all cases thereafter occurring. That the holder of a license, under a previous law, becomes subject to regulations which are established by legislation subsequent to the grant of his license, has been already decided by this court, and that decision is clearly applicable to this case. In Com. *v.* Sellers, 130 Pa. 32, we said: " The last specification is, that the court erred in sentencing appellant under the act of May 13, 1887, passed subsequent to the date of granting him a tavern license under prior laws. The license referred to was granted by the commonwealth, and accepted by the appellant, subject to such laws as were then in force, or might thereafter be passed, restraining and regulating the sale of intoxicating liquors. In granting the license under the then existing laws, it is not possible that the commonwealth intended to barter away its right to legislate as to him and everybody else, on the subject of selling or disposing of intoxicating liquors, whenever the public good might require."

We do not think it necessary to extend the discussion, as we regard the question at issue as res adjudicata.

The order of the court below is affirmed.