Per Curiam,
We all are of opinion that the learned court below properly construed the Act of April 25,1907, P. L. 122, as applying only to wholesale liquor sellers and dealers who should be licensed after its enactment. As shown by the opinion filed, this conclusion accords more fully with the grammatical construction of the language used than does that contended for by the appellant’s counsel; and it is supported by the weightier argument that it harmonizes the act with the general system of laws of which it forms a part. Under the other construction a person licensed as a wholesaler at the date of the approval of the act became invested at. once with the privileges conferred by a bottler’s license without having submitted an application for a license conferring those privileges to the discretion of the court of quarter sessions and (if he was licensed in a borough or township) without paying the increased license fee, which, in view of the additional privileges that a wholesale license will give, the legislature has provided shall be paid by the grantee of such license. Doubtless the legislature had power to give the statute this retroactive effect upon licenses already issued, but an intention so to do is not to be imputed where the words used to express the legislative intent are perfectly consistent with the *576 conclusion that the act was intended to operate prospectively only. It is true it was held in Commonwealth v. Donahue, 149 Pa. 104, that the provision in the act of June 9, 1891, prohibiting wholesale dealers from selling brewed or malt liquors in less quantities than twelve pint bottles, and from permitting liquor to be drunk on the premises where sold, applied to dealers licensed before the passage of the act. But the words of that act include all wholesale dealers and left no room for supposition that the prohibition was to apply only to wholesale dealers thereafter licensed; whereas in this act the words are not only susceptible of, but plainly suggest, the construction which restricts the enlargement of privileges to future licensees.
The judgment is affirmed.