# Commonwealth *v.* Brown, Appellant.

*Criminal law—Larceny—Possession of stolen property—Burden of proof.*

It is well settled that where a person is found in possession of recently stolen property the burden of accounting for such possession rests upon him, and there is a presumption of guilt which will justify conviction if he does not meet it by a reasonable explanation, and it is a question for the jury to decide whether or not the defendant meets such burden.

*Criminal law—Procedure—Venue of offense committed during journey—Act of March 31, 1860, P. L. 428.*

The proper venue of offenses committed during journeys is in any county through which the carrier travels during the time the felony or misdemeanor was committed.

Argued March 12, 1919. Appeal, No. 201, Oct. T., 1918, by defendant, from judgment of O. and T. Montgomery Co., March Sess., 1918, No. 28, on verdict of guilty in case of Commonwealth v. Lewis L. Brown. Before OR-LADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Indictment for felonious entry, larceny and receiving stolen goods. Before SOLLY, J.

The facts appear in the opinion of the Superior Court.

At the trial the defendant was convicted of larceny and receiving stolen goods.

576    COMMONWEALTH *v.* BROWN, Appellant.

Upon defendant's motion for an arrest of judgment and a new trial the judgment on the verdict of guilty of receiving stolen goods was arrested, and the motions in arrest of judgment, and for a new trial on the verdict of guilty of larceny, were both overruled and sentence was passed on the defendant. Defendant appealed.

*Errors assigned* were in overruling defendant's motions for a new trial and in arrest of judgment.

*Charles D. McAvoy,* and with him *Maxwell Strawbridge* and *Abraham M. Rose,* for appellant.

*J. M. Dettra,* of *Evans, High, Dettra & Swartz,* and with him *J. Aubrey Anderson,* District Attorney, for appellee.

OPINION BY WILLIAMS, J., April 21, 1919:

Defendant was indicted for (1) felonious entry, (2) larceny, and (3) receiving stolen goods. Upon trial, he was convicted of larceny, and receiving stolen goods and found not guilty of felonious entry. The judgment on the verdict of guilty of receiving stolen goods was arrested, and he was sentenced on the verdict of guilty of larceny. He appeals from that judgment.

It appears a cigar company at Manheim, Lancaster County, Pennsylvania, employed a drayman on November 6, 1917, to haul thirteen cases of cigars from its factory to the P. & R. railway station. He testified he hauled them to the station and loaded them on a freight car. The man in charge of the station testified he received the cases, signed an invoice for them, they were placed in Southern Pacific car, number 86582, and unsealed seals were put on the car. The conductor on the local freight testified he had charge of the car from Manheim to Reading; he examined it before sealing at Denver, Lancaster County, Pennsylvania, and found the contents in good order. At Reading the car was turned

over to the yardmaster and put in a southbound train
with the seals intact.   He further testified, two seals
were placed on the car, numbered respectively 443641
and 991060.   He admitted he did not examine every pack-
age in the car before sealing it, but he examined the con-
tents to see if any packages had been broken open, and
the condition of the goods in the car was "O. K."   A spe-
cial officer, employed by the railway company, testified
he examined Southern Pacific car, numbered 86582, on
the morning of November 10, 1917, and found the seals
"O. K.," on both sides of the car, one being numbered
H991060, and the other I443641.   The car was, at the
time, at Woodlane road, Montgomery County, Pennsyl-
vania.   He further testified he found the car broken
open on the following morning, Sunday, November 11,
1917, the contents upset, four empty and eight full cigar
cases lying about in disorder, and one case missing.   An-
other railway detective examined the car on November
14th, and found the same condition.   The empty cases
bore the marks of the cigar company.   Another railway
officer testified he found 2,000 of the cigars at a store at
Sixth and Ritner streets, Philadelphia, Pennsylvania,
and, as a result of information obtained there, visited
defendant's store on November 23d, and asked him if he
had any of the particular cigars for sale.   Defendant re-
plied he had sold all he had.   The officer explained how
he came by the information and defendant then admitted
he had some, but denied knowledge that they were stolen.
The detectives accompanied him upstairs and found
10,200 of the stolen cigars.   The balance had been dis-
posed of by defendant to various dealers.   Upon being
asked where he got the cigars, defendant said he bought
them from a man named Gus for $32 per thousand.   At
the same time the factory price was $43 per thousand.
He said they were delivered to him in an automobile by
four men, and that he had paid part in cash and part
by check.   These men were described, and later two of
them were arrested, upon the charge of breaking and

entering the car, and, upon being identified by defendant, had a hearing before the magistrate and were discharged.

The testimony of defendant tended to support his story that he bought the cigars without knowledge that they were stolen.

The court, in a full and fair charge, submitted, inter alia, the question whether defendant had established to the satisfaction of the jury that he had bought the cigars, and their finding is conclusive that he did not.

The first three assignments of error relate to the refusal of a new trial and a motion in arrest of judgment.

It is well settled that where a person is found in possession of recently stolen property the burden of accounting for such possession rests upon him and there is a presumption of guilt which will justify conviction if he does not meet it by reasonable explanation: 25 Cyc. 133. Whether he satisfied the burden was a question for the jury.

The fourth assignment of error is to the refusal of the court to sustain the objection that the Commonwealth failed to show that defendant conspired, committed or aided and abetted the commission of any crime in Montgomery County. We are of the opinion the evidence was sufficient to support a finding that the larceny was committed in Montgomery County, and was properly triable there, but, even if it was not sufficient to fix the place, Section 49, of the Act of March 31, 1860, P. L. 428, 441, provides the venue of offenses committed during journeys shall be in any county through which the carrier traveled during the time the felony or misdemeanor shall have been committed.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.