## Commonwealth *v.* Rink (No. 1).

*Constitutional law—Constitution of Pennsylvania—Title of act —Sufficiency—Act of March 11, 1909, P. L. 19.*

The Act of March 11, 1909, P. L. 19, entitled "An act relating to warehouse receipts" is constitutional. The penal provisions of the act are germane to the subject-matter, and the title of the act is sufficient notice of the provisions of the statute, and meets the constitutional requirements.

*Criminal law—Evidence as to similar offenses—Admissibility.*

While the doing of another criminal act, not part of the issue is, in general, not admissible as evidence of the commission of the criminal act charged, yet proof of it may be offered to show guilty knowledge and purpose and to rebut the inference of mistake, and to connect other offenses with the one charged in the indictment, as part of the same transaction.

Argued March 3, 1919. Appeal, No. 34, March T., 1919, by defendant, from judgment of Q. S. Luzerne County, Sept. Sess., 1918, No. 456, on verdict of guilty in case of Commonwealth v. Clara Rink. Before ORLADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Indictment for violating Section 54, Act of March 11, 1909, P. L. 19. Before WOODWARD, J.

At the trial the defendant was convicted of the offense charged in the indictment. She subsequently moved in arrest of judgment on the ground that the act under which she was convicted was unconstitutional. The court overruled the motion and passed judgment of sentence on the defendant. Defendant appealed.

*Error assigned* was the order of the court.

*Frank A. McGuigan,* for appellant, cited on the question of constitutionality: Commonwealth v. Beatty, 15 Pa. Superior Ct. 5; Commonwealth v. Mintz, 19 Pa.

580     COMMONWEALTH *v.* RINK (No. 1).

Superior Ct. 283; Commonwealth v. Rothermel, 27 Pa.
Superior Ct. 648; Road in Phœnixville, 109 Pa. 44;
Dorsey's App., 72 Pa. 194; Commonwealth v. Frantz,
135 Pa. 389; Hattfield v. Commonwealth, 120 Pa. 395;
Borough v. Sholes, 118 Pa. 165; Railway Co. v. Phila.,
124 Pa. 219; Quinn v. Cumberland County, 162 Pa. 55.

*Frank P. Slattery*, District Attorney, and with him
*A. L. Turner*, Assistant District Attorney, for appellees,
cited on the question of constitutionality: Common-
wealth v. Green, 58 Pa. 226; Commonwealth v. Moore,
2 Pa. Superior Ct. 162; Allegheny County Home's Case,
77 Pa. 77; State Line and J. Ry. Co. App., 77 Pa. 429;
Commonwealth v. Jones, 4 Pa. Superior Ct. 362; Com-
monwealth v. Sellers, 130 Pa. 32; Commonwealth v.
Muir, 1 Pa. Superior Ct. 578; Commonwealth v. Moore,
2 Pa. Superior Ct. 162; Powell v. Commonwealth, 114
Pa. 265; Commonwealth v. Shirley, 152 Pa. 170; Com-
monwealth v. Silverman, 138 Pa. 642.

OPINION BY WILLIAMS, J., April 21, 1919:

Appellant was convicted of a violation of Section 54
of the Act of March 11, 1909, P. L. 19, which provides as
follows (P. L. 30, et seq.) : "A warehouseman, or any of-
ficer, agent, or servant of a warehouseman, who delivers
goods out of the possession of such warehouseman, know-
ing that a negotiable receipt, the negotiation of which
would transfer the right to the possession of such goods,
is outstanding and uncancelled, without obtaining the
possession of such receipt, at or before the time of such
delivery, shall, except in the cases provided for in sec-
tions fourteen and thirty-six, be deemed guilty of fraud,
and, upon conviction, shall be punished, for each offense,
by imprisonment not exceeding one year, or by a fine
not exceeding one thousand dollars, or by both." Sec-
tions fourteen and thirty-six provide in cases where the
receipt is lost, goods sold to satisfy a warehouseman's
lien, or because of their perishable or hazardous nature,

the warehouseman is not liable for delivery without the receipt.

The title of the act is "An act relating to warehouse receipts."

Before plea, defendant moved to quash the indictment, challenging the constitutionality of the act, urging that the penal sections thereof, including section 54, are violative of Article III, Section 3, of the Constitution of Pennsylvania, which provides that "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." The court denied the motion, which action is assigned as error. The admission of evidence of what appellant terms "other offenses" is also made the subject of an assignment of error.

Is the title of the act sufficient to give notice of the penal clauses?

In discussing the use of the word "relating" as used in the Constitution of Pennsylvania (1874), MOSCHZISKER, J., says, in Com. v. Mathues, 210 Pa. 372, 407: "Webster and other standard authorities state that the word 'relating' means 'in reference to,' 'in respect to,' 'in regard to.'"

In Com. v. Jones, 4 Pa. Superior Ct. 362, the question involved was the constitutionality of the Act of May 15, 1893, P. L. 52, entitled "An act relating to bituminous coal mines, and providing for the lives, health, safety and welfare of persons employed therein." Our court said (368) : "Everything which the nature of the subject of the title reasonably suggests, as necessary or appropriate for the accomplishment of its expressed purpose is sufficiently indicated by such title. * (370) It is not necessary that the title should refer specifically to matters legitimately implied from its purpose as indicated by the title. The essential parts of a statute are the declaratory, the directory, the remedial, and the vindicatory; and if its title clearly express the subject to which the statute is to apply, it is sufficient, without expressing in

detail the character of the several parts." Pursuant to this line of thought, it has been held that the use of the word "regulate," or some one of its derivatives, was sufficient to give notice that penal clauses were to be included in an act: Com. v. Rothermel, 27 Pa. Superior Ct. 648; Com. v. Sellers, 130 Pa. 32.

The reason for the constitutional clause here invoked is expressed by STERRETT, J., in Road in Phœnixville, 109 Pa. 44, 48: "The design and scope of this constitutional amendment......are readily understood when we consider the mischief which it was intended to remedy. Prior to that date the vicious practice had obtained of incorporating in one bill a variety of distinct and independent subjects of legislation. The real purpose of the bill was often and sometimes intentionally disguised by a misleading title or covered by the all comprehensive phrase, 'and for other purposes,' with which the title of many 'omnibus' bills conclude. Members of the legislature as well as the general public were thus misled or kept in ignorance of the true character of proposed legislation."

To establish the constitutionality of the present act within Article III, Section 3, of the Constitution, we need determine but one question. Are the penal clauses in the act germane to the subject expressed by the title, and do they follow logically in carrying out the purpose implied? So many acts of assembly are passed from time to time that, at certain periods, it becomes almost necessary that there should be, for the purposes of clarity, a reënactment or codification of these acts. This tendency is quite apparent when we consider the number of uniform legislative acts upon many subjects of commercial law. Indeed there was felt a need in the law merchant not only for codification in a particular state, but that there should be uniformity throughout the states; which, by the approval of the profession, acting through its associations, has resulted in many uniform State laws of which the act regulating warehouse receipts, the

Sales Act, and the Negotiable Instruments Act, are examples.

It was not the intention of the framers of the constitutional clause that it should obstruct the proper progress of the law, but it was to prevent an evil which cannot be discovered in the act at bar. It is "an act relating to warehouse receipts." Whether this means "in reference to," "in respect to," or "in regard to" warehouse receipts makes little difference. The punishment for the misuse of warehouse receipts is as much germane to the subject as their validity, form, substance, effect, or use; in fact it is a necessary consequence of their use or misuse.

Many acts have been declared unconstitutional on the ground of defective title, but no case cited by appellant has compelling force as applied to the act under consideration. The subject of this act is sufficiently expressed, and the only doubt is whether the purpose expressed by the use of the word "relating" can sustain the penal causes as germane to and necessary adjuncts of that purpose. This must ultimately become a matter of opinion, but, where there is doubt, the presumption of constitutionality prevails. A vindicatory clause is a most proper and common adjunct of any act relating to the sovereign control of matters of public concern, and while to be explicit is a virtue to be encouraged, undue detail in the expression of purpose and subject-matter should not be demanded. If deception, lack of due notice as to the subject, or misrepresentation as to the purpose appeared, we should feel bound to declare the penal clauses of this act unconstitutional. Fortunately, however, they do not. The only persons affected by the act are those who deal in warehouse receipts; and they, together with the legislators, and others interested, could in no way be deceived as to the subject, or purpose, of the act. It is a well recognized principle that when the subject is expressed in general terms, everything which is necessary to make a complete enactment in regard to it, or which results in a

complement of the thought contained in the general expression, is embraced in and authorized by it.

We are not without precedent for the conclusion reached in this case, for our court sustained the constitutionality of the Act of April 11, 1899, P. L. 37, entitled "An act relating to the keepers of junk shops, and second-hand dealers, in cities of this Commonwealth," which incorporated a clause penalizing criminally those who violated its provisions, to which objection was made under the clause of the Constitution here invoked: Com. v. Mintz, 19 Pa. Superior Ct. 283. It is true, that title related to the persons affected, "keepers" and "dealers," while the present act refers to "receipts" to be used by the persons affected but we do not think this a sufficiently distinguishing feature.

The constitutional provision requires that the subject of the act be clearly expressed in the title; it does not require that the purpose of the act be clearly expressed, and while the purpose in the present act is not as apparent as it would have been if the word "regulating" had been used, it is sufficiently clear to warrant the penal clauses, because, in many instances, they are necessary to make the other clauses enforceable, and refer and relate to the same subject matter, which is clearly expressed.

The second objection relates to the trial of the case. Testimony was adduced that the sugar represented by warehouse receipt 558, which had been pledged with a bank, had been delivered by defendant, September 6, 1917, without the surrender of the receipt. The Commonwealth offered evidence that other deliveries involving a large part of the sugar stored had been made under the same circumstances, for the purpose of showing "that the act charged was intentional and wilful, and not accidental, to show guilty knowledge and purpose, to rebut the inference of mistake, and to connect these transactions of offenses with the one charged in the indictment as a part of the same transaction." Its admission

was objected to on the ground that it would be "submitting to the jury proof of offenses not alleged in the indictment now on trial." The objection was properly overruled by the court below: Com. v. Griffin, 42 Pa. Superior Ct. 597, 599; Com. v. Shields, 50 Pa. Superior Ct. 1, 22.

Appellant further objects to the court permitting to be read at the trial her testimony taken at the preliminary hearing relating to the transaction in which the various amounts of sugar were withdrawn from the warehouse without the surrender of receipts. Inasmuch, as there was in the case testimony, showing the delivery of the sugar from the warehouse, and that it had not been delivered in pursuance of legal authority, under sections 14 and 36 of the act, ground was laid for the introduction by the Commonwealth of what the defendant had said concerning the transactions in issue. In so far as this evidence related to other transactions than the specific one referred to in the indictment, it was competent for the reason given in the preceding paragraph.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as she may be there called and that she be by that court committed until she has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.