# Commonwealth *v.* Rink et al., Appellants.

*Constitutional law—Title of act—Warehouse receipts—Act of
March 11, 1909, P. L. 19.*

The Act of March 11, 1909, P. L. 19, entitled "An act relating
to warehouse receipts," is sufficient in its title to give notice of a
clause in the act prohibiting a disregard by a warehouseman of a
receipt issued by him, and providing a penalty for its disregard,
certain to result in a wrong to some one.

Argued April 13, 1920.  Appeal, Nos. 62 and 63, Jan.
T., 1920, by defendants, from judgment of Superior Ct.
March T., 1919, Nos. 34 and 35, affirming judgment of
Q. S. Luzerne Co., Sept. T., 1918, Nos. 441 and 456, on
verdicts of guilty in cases of Com. v. Clara Rink and
Com. v. E. C. Rink.  Before BROWN, C. J., FRAZER, WAL-
LING, SIMPSON and KEPHART, JJ.  Affirmed.

Appeals from judgment of Superior Court.
See 71 Pa. Superior Ct. 579, 585.

The case turned on the sufficiency of the title of the
Act of March 11, 1909, P. L. 19, to cover a penal clause
contained therein.

The Superior Court affirmed the judgments of the court of quarter sessions.   Defendants appealed.

*Errors assigned* were judgments of Superior Court.

*Frank A. McGuigan,* for appellant.

*Arthur H. James,* District Attorney, for appellee.

PER CURIAM, May 10, 1920:

These two appeals were argued together.   The appellants were convicted of violation of section 54 of the Act of March 11, 1909, P. L. 19, which is as follows: "A warehouseman, or any officer, agent, or servant of a warehouseman, who delivers goods out of the possession of such warehouseman, knowing that a negotiable receipt, the negotiation of which would transfer the right to the possession of such goods, is outstanding and uncancelled, without obtaining the possession of such receipt, at or before the time of such delivery, shall, except in the cases provided for in sections fourteen and thirty-six, be deemed guilty of fraud, and, upon conviction, shall be punished, for each offense, by imprisonment not exceeding one year, or by a fine not exceeding one thousand dollars, or by both." On appeal to the Superior Court each conviction was affirmed: Com. v. Rink, 71 Pa. Superior Ct. 579, 585.

The only question before us is as to the sufficiency of the title to the act to give notice of the penal clause above quoted.   The title is "An act relating to warehouse receipts."   Nothing could be more germane to this than a clause in the act prohibiting a disregard by a warehouseman of a receipt issued by him, and providing a penalty for its disregard, certain to result in a wrong to some one.   The constitutional objection raised by the appellants is groundless: Com. v. Silverman, 138 Pa. 642; Com. v. Depuy, 148 Pa. 201.

The judgment in each case is affirmed.