Commonwealth *v.* Baldwin, Appellant.

Argued October 1, 1929.

Before Porter P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*William T. Connor,* and with him *John R. K. Scott,* for appellant.

*John H. Maurer,* Assistant District Attorney, and with him *John Monaghan,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., November 22, 1929:

Defendant was convicted of violating Section 23 of Article XIX of the Act of June 25, 1919, P. L. 581, entitled ''An act for the better government of cities of the first class of this Commonwealth,'' and appeals from the sentence of a fine of $500. The specific charges contained in the three counts of the indictment were that he (1) offered to assist voters at an election; (2) assisted voters to mark their ballots at the election; and (3) interfered with the conduct of the election. By the provisions of Section 23 of Article XIX of the act it is made a penal offense for an employee of a city of the first class to visit a polling place on election day for any other purpose than that of marking and depositing his ballot, or to engage in any political activity.

The sole question presented to us in this appeal is whether, in so far as the act attempts to make political activity on the part of employees of the city a criminal offense it is unconstitutional, because the title violates Section 3 of Article III of the Constitution which declares that ''no bill except general appropriation bills shall be passed containing more than one subject, which shall be clearly expressed in the title.'' The specific complaint is that the title gives no notice or intimation that there will be found in the body of the act provisions creating, defining and declaring penalties for new criminal offenses; and that for that reason it does not clearly express the subject of the act. We cannot assent to this proposition. It is unnecessary to take up

time in discussing at length the question whether the constitutional provision relating to the title of acts of assembly requires that the title give notice of penalties or other punishments for violations of the act. Our Supreme Court stated in Germantown Tr. Co. v. Powell, 265 Pa. 71, 80, that it had previously decided that question in the negative, citing Com. v. Sellers, 130 Pa. 32, and Com. v. Muir, 180 Pa. 47. President Judge Rice, speaking for this court in Com. v. Shields, 50 Pa. Superior Ct. 1, 21, in which the same question was raised, stated that the principle which controls it was clearly set forth in Com. v. Jones, 4 Pa. Superior Ct. 362. The same judge said in Com. v. Clymer, 30 Pa. Superior Ct. 61, 65: "The fact that a title as broad as this does not expressly declare that a violation of the provisions of the act is made a penal offense is not a valid objection. This has been decided in numerous cases wherein the precise question has been duly considered." That case was affirmed by the Supreme Court in a per curiam opinion reported at 217 Pa. 302. To the same effect is Com. v. Rink, 71 Pa. Superior Ct. 575, affirmed in 267 Pa. 408. We regard the words of the title, "for the better government of cities of the first class," sufficient to indicate the purpose of the Legislature to provide in the body of the act whatever it deemed necessary or appropriate to accomplish that purpose. Surely the title fairly gives notice of a provision relating to the duties of officers and employees of such a city; for that is a matter directly involved in the administration of city government. If one would naturally suppose from the reading of the title that the act would declare the duty of city officers and employees, it would be quite as natural to expect to find that the act declared the consequences of failure to perform those duties. "It is not to be supposed that this (the penalty) would be omitted from such legislation as described in this title, and anyone

reading it would be led to look in the body of the act to see what consequences it attaches, penal or otherwise, to non-compliance with its provisions. The main strength and force of law consists of the penalty annexed to it'': Com. v. Clymer, supra. Everything which the nature of the subject of a title reasonably suggests, as necessary or appropriate for the accomplishment of its express purpose, is sufficiently indicated by such title:. Com. v Jones, supra. The provision that no officer or employee of a city of the first class shall engage in any political activity is substantially a reenactment of an earlier statute. See Act of February 15, 1906, P. L. 19, known as the Shern Act, which amended the Act of June 1, 1885, P. L. 37, known as the Bullitt Bill. The latter act was entitled ''An act to provide for the better government of cities of the first class in the Commonwealth.'' It is true that under the previous acts the penalty for engaging in political activity by a city officer or employee was merely dismissal from his place and such conduct was not a misdemeanor. But on principle the change in the grade of the offense does not affect the answer to the question before us. Tested by the standard announced in the cases cited, the title to the Act of 1919 is sufficient to give notice of the legislative purpose to deal with the subject contained in Section 23 of Article XIX, under which appellant was indicted, and would lead to an examination of the body of the act. For these reasons the appeal must fail.

The judgment is affirmed.