## Commonwealth v. Cutchall et al.

*J. Colvin Wright, Alvin L. Little, Penrose Hertzler* and *Paul S. Lehman,* for Commonwealth.

*Simon H. Sell,* for defendants.

BAILEY, P. J., January 16, 1931.—These defendants were tried and convicted for the violation of section two of the Act of April 26, 1929, P. L. 829. Before the jury was sworn, the defendants moved to quash the indictment upon the ground that it charged no crime under the laws of the Commonwealth, since the act above referred to is unconstitutional. After conviction, they moved in arrest of judgment assigning the same reason, and that is the question now before us. If the statute involved is unconstitutional, then this motion must be sustained; if not, judgment of sentence should be passed.

It is contended that the act is unconstitutional in that it does not give sufficient notice of its content and is, therefore, violative of article III, section

three of the Constitution of the state. The language of this section is as follows: "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." "A statute will not be declared unconstitutional unless it is clearly so:" Graeff v. Schlottman, 287 Pa. 342. The title to this act is as follows: "To amend sections one, three hundred and five, and three hundred and seven, as amended, of the act, approved the second day of June, one thousand nine hundred and fifteen (Pamphlet Laws, seven hundred thirty-six), entitled 'An act defining the liability of an employer to pay damages for injuries received by an employe in the course of employment; establishing an elective schedule of compensation; and providing procedure for the determination of liability and compensation thereunder.'" This we regard as sufficient to put any person interested upon inquiry as to the nature of the legislation in the Act of 1915 as it had been previously amended, and that is all that is necessary, since there is direct reference to these acts: Knowles's Estate, 295 Pa. 571, 580. To one interested, looking at this title, it would become immediately apparent that, in order to ascertain the liability of employers, the title to the previous acts referred to must be examined. There, with regard to the Act of 1915, he would find that it proposes to define the liabilities of employers to pay damages for injuries and that it provides a procedure for the determination of this liability and compensation therefor. He would be put upon notice, by the broad character of the title to the Act of 1915, that any amendment to it must necessarily deal with liability of employers in relation to their employees and the establishment of compensation for them. A provision of the amending statute, such as we have here, constituting it a crime for an employer to fail by insurance to adequately protect the compensation due his employees, is clearly germane to the general purposes of the original compensation act, and is, therefore, covered by the title to the Act of 1915 and its amendment, the Act of 1929. The title to these two statutes is sufficient to indicate a new method of compensating injured employees, and would naturally lead to inquiry as to the method of enforcing this system. The act is constitutional. "This language is sufficient to indicate the purpose of the legislation, a necessary or appropriate procedure for the accomplishment of its purpose, and fairly to give notice and reasonably lead to an inquiry as to the contents of the body of the law:" Germantown Trust Co. v. Powell, 265 Pa. 71, 80. To the same effect is Com. v. Rink, 267 Pa. 408. As was said in Com. ex rel. v. Snyder, 279 Pa. 234, by Mr. Chief Justice Moschzisker, at page 242: "A title need name only the real subject of the legislation; it need not set forth all enactments intended to be made in regard thereto. If the subject is designated with sufficient clearness to put one on inquiry into the body of the act, all necessary or appropriate details to carry out the purpose of the statute there found will be treated as within the title; nevertheless, each matter covered by the act, to be accounted as properly included therein, must be germane to the subject named."

"The subject may have but one object, while the measures necessary for the attainment of that object may necessarily embrace many subordinate subjects, differing in their nature and particular effect, yet all contributing to it, and comprised within the principal subject:" Com. v. Jones, 4 Pa. Superior Ct. 362, 368. See, also, Com. v. Rink (No. 1), 71 Pa. Superior Ct. 579; Com. v. Baldwin, 97 Pa. Superior Ct. 288.

The language of the first clause of the title to the act in question "To amend sections one, three hundred and five and three hundred and seven, as

amended," is sufficient to put an observer upon inquiry as to the nature of the amendment referred to. This would lead him to the Act of April 7, 1921, P. L. 114. He would, in the title to that act, find that it imposed penalties for failure of an employer to insure his liability to pay compensation, and to an investigation as to whether or not the Act of 1929 made any change in the nature of the punishment for failure to obey its provisions. The word "penalty" is sufficiently broad to comprehend both civil and criminal liability: Com. *v.* Puder, 67 Pa. Superior Ct. 11.

### Decree of court.

Now, January 16, 1931, the defendants' motion in arrest of judgment is hereby overruled.

From R. W. Williamson, Huntingdon, Pa.