# Commonwealth *v.* Depuy, Appellant.

*Criminal law—Larceny—Dogs—Act of May* 15, 1889, *P. L.* 222, *section* 6.

Under the act of May 15, 1889, P. L. 222, dogs have been declared to be personal property and the subject of larceny in this commonwealth.

*Constitutional law—Constitution, article III, section 3—Subject of act to be expressed in title.*

The act of May 15, 1889, P. L. 222, is entitled " Act for the taxation of dogs and the protection of sheep." Section 6 of the said act provides, " That all dogs in this commonwealth shall hereafter be personal property and subject of larceny," etc.

*Held,* (1) That when in this act the legislature sought to lay a tax upon what was not property at common law, it was germane to the object of the act to declare that the property thus taxed should thereafter be personal property and subject of larceny.

(2) That the sixth section of the act quoted is therefore not unconstitutional.

Argued Feb. 23, 1892. Appeal, No. 183, July T., 1891, by defendant, Harry A. Depuy, from judgment of Q. S. Lackawanna Co., April Sess., 1891, No. 181, on verdict of guilty. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Indictment for the larceny of a dog.

The defendant was tried, convicted, and sentenced to pay a fine of $25 and costs and to undergo an imprisonment for three months. He thereupon appealed.

*Error assigned* appears by the opinion of the Supreme Court.

*William J. Hand, John G. McAskie* with him, for appellant.

*H. M. Edwards, John P. Kelly,* district attorney, with him, for appellee.

PER CURIAM, March 28, 1892:

The defendant was convicted in the court below of the larceny of "one spaniel dog of great value, viz., of the value of thirty dollars." He assigns for error here, that "the record on its face shows no jurisdiction in the court, there being no such offence as the larceny of an unregistered dog, under any valid law of this state."

We need not discuss the rule of the common law upon this subject, nor its wisdom. This case turns upon the act of May 15, 1889, P. L. 222, entitled "An act for the taxation of dogs and the protection of sheep," the 6th section of which provides: "That all dogs in this commonwealth shall hereafter be personal property, and subject of larceny," etc. It was urged, however, that this act was unconstitutional, for the reason that the said provision of § 6 is not fully expressed in the title of the act. We cannot assent to this proposition. One of the objects of the act, as expressed in the title, is the taxation of dogs. Hence, when the legislature seeks to lay a tax upon what was not property at the common law, we think it entirely germane to the object of the act to declare that the property taxed shall hereafter be personal property, and a subject of larceny.

Judgment affirmed.