# Commonwealth *v.* Braunfeldt, Appellant.

*Criminal law—Arson—Indictment.*

It is not necessary that an indictment under the 138th Section of the Penal Code (P. L. 1860, 415) should aver the intention with which the defendant committed the act; an averment that it was wilfully and maliciously done being sufficient. The allegation in an indictment that the crime was committed with intent to defraud an insurance company was unnecessary and immaterial, and must be treated as surplusage. An indictment charging a defendant with maliciously setting fire with intent to burn two barns, which are the property of another, fulfills all the requirements in order to constitute an offense under the 138th Section of the Penal Code.

Where a defendant was charged in an indictment under the provisions of 138th Section of the Penal Code with wilfully and maliciously setting fire with intent to burn, two barns on the property of his wife, and the averments in the indictment are duly proven, a judgment on a verdict of guilty will not be set aside because of the mere fact that the owner of the buildings was the wife of the defendant.

*Criminal law—Charge of court—Circumstantial evidence.*

It is not error for a trial judge in his instructions to a jury as to the principles to be applied in considering circumstantial evidence to say:

"The evidence of facts and circumstances must be such as to exclude to a moral certainty every hypothesis but that of the guilt of the offense imputed; or in other words, the facts and circumstances must not only all be consistent with, and point to the guilt of the accused, but they must be inconsistent with his innocence."

Argued Oct. 28, 1918. Appeal, No. 93, Oct. T., 1918, by defendant, from judgment of Q. S. Montgomery County, Oct. T., 1917, No. 159-1, on verdict of guilty in case of Commonwealth v. Edward S. Braunfeldt. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Indictment for arson. Before MILLER, J.

The indictment charged that the defendant "Unlawfully, wilfully and maliciously did set fire to with intent to burn and did burn and cause to be burned two barns, on the property of Agnes W. Braunfeldt in Upper Gwynedd Township, Montgomery County, Pennsylvania, then and there being the property of the said Agnes W. Braunfeldt, with the intention thereby to defraud or prejudice the Royal Insurance Company, Fire Association and Commercial Union Insurance Company, all bodies politic or corporations that had insured the said two barns in said corporations of bodies politic, and divers other bodies politic or corporations which had underwritten policies of insurance on the aforesaid buildings and structures, farm machinery and crops, contained therein; contrary to the form of the act of the general assembly in such case made and provided and against the peace and dignity of the Commonwealth of Pennsylvania."

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* was the charge of the court and refusal of defendant's motions in arrest of judgment and for a new trial.

*G. Herbert Jenkins* and *William W. Porter,* and with them *Henry M. Brownback,* for appellant.

*Abraham H. Hendricks,* Assistant District Attorney, and with him *J. Aubrey Anderson,* District Attorney, for appellee.

OPINION BY PORTER, J., July 17, 1919:

The appellant was tried and convicted in the court below of a misdemeanor, under an indictment which charged that he did willfully and maliciously set fire to with intent to burn and did burn two barns, "on the property of Agnes W. Braunfeldt in Montgomery County, Pennsylvania, then and there being the property of the said Agnes W. Braunfeldt, with an intention thereby to defraud the Royal Insurance Company, &c." The evidence in the case was circumstantial and the first fourteen specifications of error refer to the comments of the court in its charge upon that evidence. We have carefully considered the evidence and are not convinced that any of these assignments of error are well founded. When the testimony as to any circumstances was conflicting, the court fairly stated the evidence and contentions of the parties with regard thereto and repeatedly instructed the jury that the credibility of the witnesses was for them and the inferences to be drawn from each circumstance and from all of the circumstances were for their exclusive determination. The court charged the jury as to the principle to be applied in considering circumstantial evidence, saying: "The evidence of facts and circumstances must be such as to exclude to a moral certainty every hypothesis but that of the guilt of the offense imputed; or in other words, the facts and circumstances must not only all be consistent with, and point to, the guilt of the accused, but they must be inconsistent with his innocence." And further, "The several circumstances upon which the conclusion depends must be fully established by proof. They are facts from which the main fact has to be inferred, and they are to be proved by competent evidence, and by the same weight and force of evidence as if each one were itself the main fact

in issue." The court, at the conclusion of the charge, asked counsel to make any suggestion concerning the making of corrections in or additions to, the charge. Counsel for the defendant did then request the court to charge further upon certain points, which the court did in a manner which is not assigned for error. If counsel for the defendant were of opinion that the court had misstated the evidence, or if they desired the court to call attention to any particular evidence, that was the time to ask for the correction.

The fifteenth specification of error refers to that part of the charge in which the learned judge referred to the testimony of the defendant. It was entirely proper for the court to refer to the interest which the defendant had in the issue. After referring to the fact that the defendant was an interested witness the court said: "Now, it does not follow, and I do not intend to charge that the defendant when he takes the stand, does not speak the truth as fully and frankly as any other witness called before him, but in weighing the credibility of the witness for the purpose of ascertaining what the true facts of the case are, the jury may remember and take into consideration the interest of the witness. In this case, as in all others, the defendant is presumed to be innocent until the Commonwealth has convinced you of his guilt." The soundness of this instruction is too well established to require citation of authority and the specification of error is overruled.

The sixteenth assignment of error refers to the charge of the court as to the effect of a reasonable doubt of the guilt of the defendant under the evidence. The court said: "Just as soon as the Commonwealth has satisfied you of the guilt of the accused beyond a reasonable doubt, so that you no longer hesitate, under the testimony, to say so, then you no longer have a reasonable doubt of that guilt, and your verdict should be that of guilty; but so long as you fair, conscientious and just men hesitate to convict, then you have a reasonable doubt of the guilt of

the accused and it is equally your duty to say so by a verdict of not guilty." This instruction, standing alone, was certainly as favorable to the defendant as he could reasonably ask, but the learned judge, in the paragraph following that which is embraced by the assignment, further explained the nature of a reasonable doubt, as follows: "The juror ought not to condemn unless he is so convinced by the evidence that he would venture to act upon that conviction in matters of the highest concern and importance to his own interest." The specification of error is overruled.

There was sufficient evidence to warrant the conviction of the defendant of the offense with which he was charged and we would not be warranted in holding that the learned judge of the court below abused his discretion in refusing a new trial. Certain incidents of the trial such as the cross-examination of the wife of the defendant as to collateral and irrelevant matters, the prompting of the defendant by his wife and the direction that she take another seat and the misquoting of the testimony by the district attorney were not brought upon the record by exceptions and cannot be considered. The 17th, 18th, 19th and 20th specifications of error are overruled.

The appellant moved the court below to arrest the judgment upon two grounds: First, that he was not subject to prosecution for the reason that he had been required by the deputy State fire marshal, to submit to an examination and to testify concerning the fire, which excepted him from subsequent prosecution under the provisions of Section 6 of the Act of June 3, 1911, P. L. 658. It does not appear in the record certified to us that the defendant had "been required to testify or produce evidence, documentary or otherwise," upon any investigation conducted by the fire marshal or any of his deputies, under the provisions of the Act of 1911. There was, therefore, no error in the overruling of the motion to arrest the judgment upon that ground. The second reason advanced for arresting the judgment was that the indict-

ment does not aver facts constituting a violation of Section 139 of the Act of March 31, 1860, P. L. 416, in that it did not charge that the defendant was the "owner, tenant, or occupant" of the buildings burned. The penal code of 1860, in sections 137, 138 and 139 defined the crime of arson under different circumstances and conditions and provided distinct punishment for different kinds of the offense. When a person willfully and voluntarily burns any factory, mill or dwelling house of another or any barn (or other building) that is a parcel of such dwelling, he is, under the provisions of the 137th section guilty of a felony, and upon conviction may be imprisoned for twelve years. If any person shall willfully and maliciously burn any barn, stable or other building of another, not parcel of the dwelling house, he shall, under the 138th section, be guilty of a misdemeanor, and upon conviction may be imprisoned for ten years. These two sections of the statute did not create new offenses. They dealt with conditions which had involved a crime under previous statutes or the common law. The 139th section was new, it provided that certain acts should constitute a crime, which had not before been indictable, but always had been unlawful. It provided as follows: "Every person, being the owner, tenant or occupant of any house......barn or stable, or any other building, who shall willfully burn or set fire thereto, with intent to burn the same, with an intention thereby to defraud or prejudice any person, body politic, or corporate, that hath underwritten or shall underwrite any policy of insurance thereon......or shall be otherwise interested therein, shall be guilty of a misdemeanor, and on conviction, be sentenced to pay a fine, not exceeding one thousand dollars, and undergo an imprisonment by separate or solitary confinement, at labor, not exceeding seven years." This section applies where the owner burns his own building, with the unlawful intention indicated. The offense is created by statute. The allegation as to the ownership of the building is matter of substance. The

indictment in the present case did not allege that this defendant was the owner, tenant or occupant of the building, but it explicitly negatived such ownership or occupancy by averring that the buildings were the property of another. The indictment cannot, therefore, be sustained as founded upon the 139th section. The indictment did, however, charge that the defendant did willfully and maliciously set fire to with intent to burn and did burn two barns then and there being the property of Agnes W. Braunfeldt. This was all that it was required to charge in order to constitute an offense under the 138th section. It is not necessary that an indictment under that section shall aver the intention with which the defendant did the act, it only being necessary to aver that it was willfully and maliciously done. The appellant was indicted for burning the barn of Agnes W. Braunfeldt, it is that offense and no other of which he was convicted. Hence, there is no room for the allegation that he was convicted of something with which he had not been charged. The allegation in the indictment that he burned the barn with intention to defraud the insurance companies was unnecessary, immaterial and must be treated as surplusage. While the 138th section provides for the burning of a barn that is not parcel of a dwelling house, nor adjoining thereto, it is not necessary to aver these details in an indictment under that section: Staeger v. Com., 103 Pa. 469; Com. v. Weiderholt, 112 Pa. 584. The evidence was altogether in harmony with the allegations of the indictment. The fact that Agnes W. Braunfeldt was the owner of the buildings was undisputed. She was the wife of the appellant, but that is no reason for arresting the judgment, for a man may be guilty of arson in burning a building the property of his wife. The offenses dealt with by the 138th and 139th sections are both misdemeanors. The Commonwealth was required to prove all the facts averred in the indictment, which covered every fact necessary to sustain an indictment under the 138th section, and the uncertainty which seems to have

existed in the mind of the court and counsel as to which section of the statute the indictment was founded upon did not deprive the defendant of any right or improperly subject him to any burden.   The assignments of error are dismissed.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.