# Commonwealth *v.* Levine, Appellant.

*Criminal law—Arson—Tenant in possession—Conviction—Act of June 10, 1881, P. L. 117.*

The Act of June 10, 1881, P. L. 117, providing that no principle or policy of law shall exempt from conviction a tenant who wilfully and maliciously burns a building—is constitutional.

This act is complete in itself and needs no reference to any other acts, nor does it change the provision of any other act. It is not a usurpation by the legislature of the judicial power but simply changes the rule of common law, which the legislature has the power to do.

Under the provisions of this law a tenant in possession who wilfully or maliciously burns a building can be convicted of arson.

Argued October 6, 1923.    Appeal, No. 248, Oct. T., 1923, by defendant, from judgment and sentence of O. and T., Phila. Co., Oct. T., 1922, No. 517, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Samuel Levine.    Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Affirmed.

Indictment for arson.    Before TERRY, P. J., 44th Judicial District, specially presiding.

The opinion of the Superior Court states the case.

Verdict of guilty on which judgment of sentence was passed.    Defendant appealed.

*Error assigned,* among others, was refusal to give binding instructions in favor of defendant.

*Herbert W. Salus,* and with him *Samuel W. Salus,* for appellant.—The defendant was improperly convicted under the charge of arson: James Smith W. M. Co. v. Browne, 206 Pa. 543; Getz v. Brubaker, 25 Pa. Superior. Ct. 303; Com. v. Kaufman, 9 Pa. Superior Ct. 310; Dilworth v. Schuylkill I. Land Co., 219 Pa. 527.

*John H. Maurer, Assistant* District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.—The Act of June 10, 1881, P. L. 117, is constitutional and the defendant was properly convicted: Getz v. Brubaker, 25 Pa. Superior Ct. 303; Phila. & Erie R. R. Co. v. Catawissa R. R. Co., 53 Pa. 20, 60, 61; Cyc. 1105; Reiser v. The William Tell Saving Fund Association, 39 Pa. 137; Haley v. Philadelphia, 68 Pa. 45; Lambertson, et al. v. Hogan, et al., 2 Pa. 22, 25; Manchester Township Supervisors v. Wayne County Commissioners, 257 Pa. 442; Searight's Est; Stuart's App., 163 Pa. 210; Davis v. Moore, 50 Pa. Superior Ct. 494; Pinkerton v. Traction Co., 193 Pa. 229; Garrett v. Turner, 47 Pa. Superior Ct. 128; and affirmed in 235 Pa. 383; Com. ex rel v. Cooper, 277 Pa. 554.

OPINION BY TREXLER, J., November 19, 1923:

The indictment charges the defendant, Samuel Levine, with having maliciously burned a certain dwelling house of another. Levine was a tenant in possession under a lease for years. The question presented is, can a tenant in possession be convicted of setting fire to the leased premises? The Act of June 10, 1881, P. L. 117, provides: "Section 1, Be it enacted, etc., that no principle or policy of law shall, because the defendant shall have been in possession as tenant or otherwise at the time of the commission of the offense, exempt any person from conviction and punishment, who shall wilfully and maliciously burn or cause to be burned, or cause or attempt to set fire to, any building, but such person shall be liable to conviction and punishment, in the same manner and to the same extent as if not in possession." If this act be valid, there is an end to the matter.

The defendant contends that the act is unconstitutional. The first reason assigned is that it amends section 137 of the Act of March 31, 1860, P. L. 415, and contravenes article III, section 6, of the Constitution of Pennsylvania, which reads: "No law shall be revived,

amended or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revived, amended or extended or conferred shall be reënacted and published at length." The 137th section of the above act punishes inter alia the burning of the dwelling house of another and as stated, before, that is the charge in the indictment.

It will be observed that the act we are considering contains no reference to the Act of 1860, either by allusion to its title or by quoting the portion of the former act to be amended or reënacted. The Act of 1881, supra, in effect states that possession as tenant of the property shall not relieve from liability the person who has maliciously burned it. At common law, a tenant in possession could not be convicted of arson for burning the leased premises: 4 Bl. Com. 211; 1 Hale P. C. 568; 1 Hawk P. C. 106. It was to change this rule that this act was passed. We do not regard the act as changing the provisions of section 137 above referred to. The Act of 1881 has relation to the status of a tenant in regard to the crime of the malicious burning of buildings. The new statute was not enacted to change the Act of 1860, that remains exactly as heretofore, but its purpose was to get rid of the decisions of the courts, which held the tenant immune, because he was regarded as the owner, although some one else had the fee. As stated above, the tenant in possession was not exempt from criminal liability by reason of anything in the Act of 1860, but was made so by the common law. The Act of 1881 is complete in itself and needs no reference to any other act, nor does it change the provisions of any act.

If, however, we take the view that the Act of 1881 does change the Act of 1860 in that it makes it apply to a class of persons which theretofore were not covered by it, we repeat what was stated by the learned trial judge, that such operation of an act complete in itself does not render it invalid. The constitutional provision has reference to express amendments only. The Constitution

does not make the obviously impracticable requirement that every act shall recite all other acts that its operation may incidentally affect, either by way of repeal, modification, extension, or supply: Searight's Est., Stuart's App., 163 Pa. 210; Greenfield Avenue, 191 Pa. 290. To use an illustration: under the common law dogs were not the subjects of larceny and the act making them personal property and the subjects of larceny was attacked on constitutional grounds, but it never occurred to any one to raise the question that such act should recite the portion of the criminal code defining the offense of larceny, although it did in effect extend its provisions to persons who before were not embraced in its provisions, namely dog thieves: Com. v. Depuy, 148 Pa. 201.

The second objection to the statute is that the act is an exercise of judicial power, which power, under article V, section 1, is solely vested in the courts. The answer to that is that the courts have repeatedly sanctioned changes of the rules of law by legislation and laws doing away with long established principles are frequently passed. It was held in Dilworth v. Schuylkill Improvement Land Company of Philadelphia, 219 Pa. 527, that the legislature did not exercise judicial functions when it declared the effect of the words "die without issue," etc. As was stated in the opinion of the lower court in that case, which opinion was adopted by the Supreme Court, the legislation was not an attempt to exercise judicial function, "but was an attempt to change a rule of common law which the legislation has the power to do." We think this is exactly what was done in the case before us.

Although the above is decisive of the case, we are constrained to say briefly that even if there were no legislation on this subject, we would not be inclined to recognize the rule of the common law. In Holmes Case, 3 Croke 376, it was held that as the burning of the house of another was a felony under the old authorities, a tenant in possession being an owner could not be convicted

of burning the leased house. The judges who decided the case were not unanimous. It seems to have been a case of avoiding the imposition of capital punishment on the defendant for a felony and although he escaped the gallows, he was fined, imprisoned, and placed in pillory for the trespass. In the Harris Case, Foster 113, 349, the Holmes case was commented on in this wise: "the judgment in Holmes case, to say no more of it, was a very merciful judgment. The house might with strict legal propriety have been considered as the house of the landlord. Both landlord and tenant have a property, one temporary and limited, the other absolute and perpetual; like the person to whom goods are delivered and the absolute owner thereof, in the case of larceny." It were better, in view of the gradual departure from the fine distinctions which many years ago the judges drew in order to avoid depriving defendants of their lives, to accept the general and ordinary idea of ownership and hold that the tenant when he burns the leased house, does not destroy his own property, but that of another and is guilty of arson.

The judgment of the lower court is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed, until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.