## Commonwealth v. Starr.

*Criminal law—Arson—Dwelling-house—Barn—Act of March 31, 1860.*

1. At common law arson is an offence against the habitation, and regards the possession rather than the property.

2. A building fit for the habitation of man and designed as such in the usual manner, but having been abandoned for use as a habitation for a considerable period, is not a house which can be the subject of arson at common law or under section 137 of the Act of March 31, 1860, P. L. 415.

3. A barn which is set on fire and burned cannot be considered as a parcel of a dwelling-house eighty to one hundred yards distant and separated from it by a public road, within the meaning of section 137 of the Act of March 31, 1860, P. L. 415, when such dwelling-house has been unoccupied for eight or ten years prior to the burning of the barn.

4. Under such circumstances, there could be a conviction under section 138 of the Act of 1860.

Motion in arrest of judgment. Q. S. Schuylkill Co., March Sess., 1924, No. 194.

*R. J. Graeff,* for motion; *C. M. Palmer,* contra.

BERGER, J., Nov. 10, 1924.—The defendant was indicted and convicted of arson under section 137 of the Act of March 31, 1860, P. L. 415. A motion in arrest of judgment has been filed on the ground that the evidence of the Commonwealth does not sustain the conviction. The defendant was twice tried, the first jury having disagreed. On the second trial, the case was reluctantly submitted to the jury on the precedent established by the judge who presided over the first trial. It is established by the verdict that the defendant, on Feb. 3, 1924, maliciously and voluntarily set fire to and burned a barn, the property of Edgar C. Steigerwalt. The house which the Commonwealth contends was a dwelling-house, of which the barn was a parcel, or belonged or adjoined thereto, was eighty to one hundred yards distant from the barn, separated from it by a public road, and it was not burned. The house had not been used as a habitation for man at least eight years prior to the time that the barn was burned. In construing the 137th and 138th sections of the Act of March 31, 1860, P. L. 415, in Com. *v.* Braunfeldt, 72 Pa. Superior Ct. 25, 30, Porter, J. said: "The Penal Code of 1860, in sections 137, 138 and 139, defined the crime of arson under different circumstances and conditions and provided distinct punishment for different kinds of the offence. When a person wilfully and voluntarily burns any factory, mill or dwelling-house of another, or any barn (or other building) that is a parcel of such dwelling, he is, under the provisions of the 137th section, guilty of a felony, and, upon conviction, may be imprisoned for twelve years. If any person shall wilfully and maliciously burn any barn, stable or other building of another, not parcel of the dwelling-house, he shall, under the 138th section, be guilty of a misdemeanor, and, upon conviction, may be imprisoned for ten years."

At common law, arson is an offence against the habitation, and regards the possession rather than the property. A dwelling-house, in its popular sense, is a building fit for the habitation of man, either in actual use for that purpose or temporarily vacant. A building designed for a dwelling-house, con-

structed in the usual manner, but not yet entirely finished and not yet occupied, is not a house which can be the subject of arson at common law, and this rule also applies to houses which have not yet been occupied as residences, or, having been occupied, have been finally abandoned. See 2 Wharton's Criminal Law (11th ed.), 1267. The facts found by the jury would support a conviction under the 138th section of the Penal Code, but they do not support a conviction under the 137th section thereof. Therefore, we are constrained to sustain the motion in arrest of judgment.

And now, Nov. 10, 1924, motion in arrest of judgment is sustained.

From M. M. Burke, Shenandoah, Pa.