## Commonwealth v. Ruttenberg

James W. Hawkins and T. H. Shannon, for Commonwealth.
Waychoff & Thompson and Charles J. Margiotti, for defendant.

SAYERS, P. J., February 13, 1933.—This case was tried at June Sessions, 1932, and resulted in a verdict against the defendant, Charles Ruttenberg, of murder in the second degree. Motions and reasons in arrest of judgment and for a new trial were filed June 21, 1932. Additional reasons for a new trial were filed on October 6, 1932, and an additional reason in support of the motion in arrest of judgment on November 21, 1932.

The indictment charges that the defendant on December 1, 1931, "with force and arms unlawfully, feloniously, wilfully and maliciously, did set fire to, burn, and cause to be burned, and did aid, counsel and procure the burning of a dwelling house and a storeroom, parcel of the said dwelling house, situate on Jew Hill, Cumberland Township, Greene County, Pa.; at which time in said dwelling house one Herman Zimmerman was burned, and of these burns the said Herman

Zimmerman did languish and languishing did die on December 14, 1931, contrary to the form of the act of the General Assembly in such case made and provided, and against the said peace and dignity of the Commonwealth of Pennsylvania."

We will first take up for consideration the motion in arrest of judgment and the reasons therefor. The first reason is that "the indictment alleges and the record shows that defendant is charged with the crime of murder committed in the perpetration of an alleged arson, which burning was that of the defendant's own store and dwelling; whereas, in order to sustain the indictment for murder committed in the perpetration of arson, it is necessary under the laws of this Commonwealth that the indictment allege and the proof show that the building which burned was the property of one other than the defendant."

The second reason alleges that "the failure of allegation or proof of ownership is fatal to the verdict in this case, in that the building burned in such a case must be that of another".

The third reason is that "the verdict in this case is presented under the Act of May 22, 1923, P. L. 306, at which time arson consisted in the burning of a building, etc., the ownership of which was in someone other than the defendant and that it was not until the passage of the Act of April 25, 1929, P. L. 767, that the burning of the building, etc., by the owner became arson. Hence the Act of 1923 above referred to contemplates arson as being the burning of a building owned by one other than the defendant, and the only proof in this case, uncontradicted and undenied both on the part of the Commonwealth and on the part of the defendant, shows that Charles Ruttenberg was the owner of the building in the burning of which Herman Zimmerman, the deceased, came to his death. Therefore, under the laws of this Commonwealth, the verdict of guilty of murder in the second degree against Charles Ruttenberg cannot be established."

These three reasons can be discussed generally and considered together. They are substantially renewals of the reasons set up in a motion to quash the indictment filed by the defendant before the jury was sworn, which motion was overruled. These same reasons were again urged and renewed at the close of the trial in connection with a point submitted to the court for binding instructions. The same questions were also raised by the thirty-fifth reason for a new trial, which complains of the court's instruction to the jury that the defendant might be convicted of homicide in the perpetration of arson on, or the burning of, his own building; and the thirty-eighth reason for a new trial refers substantially to the same question, namely, that the defendant could not be convicted of murder in the first or second degree where the defendant was convicted of burning his own building, and that the court erred in so charging the jury.

The complaint is that such instruction could only be applied to common-law arson, and where death occurred in the burning of a building which was statutory arson only there could be no first-degree finding unless there was proof of an intentional killing. If the reasoning of the defendant is applicable to this case, the defendant could not be convicted of murder either in the first or second degree, where the indictment alleged or the evidence showed that he was guilty of burning his own building. The defendant insists that under section 74 of the Criminal Code of March 31, 1860, P. L. 382, all murder perpetrated in the commission or attempt to commit certain felonies, among them arson, is murder in the first degree. In the same paragraph of his brief, the defendant contends that under section 137 of the Criminal Code "arson" is defined simply as common-law arson and relates to the burning of the building of another and not to the burning of one's own building, that being the distinction

recognized under the common law. Section 137 defines felonious arson as the burning or attempted burning of a dwelling house or building of another, or the burning or attempted burning of another building that is parcel of such dwelling or adjoining or belonging thereto.

Section 138 provides that if any person burns or attempts to burn a building of another not parcel of the dwelling house, he shall be guilty of a misdemeanor; and section 139 provides that "Every person, being the owner of any . . . store, shop, warehouse, . . . or any other building, who shall wilfully burn or set fire thereto, with intention to burn the same, with an intention thereby to defraud or prejudice any person . . . shall be guilty of a misdemeanor".

Since homicide by arson could apply only to that form of arson which was a felony prior to the amendment of 1929, upon which this indictment is based, homicide in the attempt to commit arson could only refer to arson as defined in section 137. The evidence in this case showed that the storeroom where the fire started was parcel of the dwelling house in which the deceased was burned. The indictment did not set forth to whom the dwelling house belonged, but the evidence shows that it belonged to the defendant. The Act of April 25, 1929, P. L. 767, provides that "any person who wilfully and maliciously sets fire to, or burns, or causes to be burned, or who aids, counsels, or procures the burning, of any dwelling house, or any kitchen, shop, barn, stable, or other outhouse, that is parcel thereof, or belonging to or adjoining thereto, whether the property of himself or of another, shall be guilty of the felony of arson". It was under this act of assembly that the indictment in this case was drawn.

Prior to the Act of 1929, a defendant who burned his own dwelling house could not be convicted of felonious arson. It is contended by the defendant that the Act of 1929 contains no provision whatever indicating that it is to relate to the establishment of first-degree murder under section 74 of the Criminal Code of 1860, or that it was intended to apply to any criminal statute other than the creation of a new crime by the statute, whereby the burning of one's own building thereafter became arson. It is urged that the construction to be placed by the court on these penal statutes is that no person is to be made subject to a penal statute by implication, all doubts concerning their interpretation are to preponderate in favor of the accused.

By the Act of 1929, the scope of arson was broadened to include the burning of any dwelling whether the property of himself or another, and the sixth section or repeal clause of the act provides: "Except so far as they are applicable to acts done, or offenses committed, or attempted, prior to the time when this act takes effect, the following acts and parts of acts are hereby repealed"; and then it proceeds to enumerate sections 137, 138, and 139 of the Criminal Code of 1860. It likewise amends all other acts or parts of acts inconsistent therewith.

Why then does it not amend the Criminal Code, not by implication but actually, and substitute for felonious arson, as covered by that act and previously defined by the statute that is now repealed, felonious arson as defined in the Act of 1929? The Act of 1929 in this instance simply changes the common law, precisely as did the Act of June 10, 1881, P. L. 117, providing that no principle or policy of law shall exempt a defendant "in possession as tenant or otherwise at the time of the commission of the offense," from conviction and punishment for burning or attempting to burn any building. The last recited act also changed the rule of common law defining arson. In Commonwealth v. Levine, 82 Pa. Superior Ct. 105, it was held that the Act of 1881 is complete in itself, needs no reference to any other acts, and does not change the provision of any other act. It is not usurpation by the legislature of the

judicial power but simply changes the rule of common law, which the legislature has the power to do.

The defendant contends, and did so contend on the motion to quash the indictment, that the decision of the court in the case of Commonwealth v. Exler, 243 Pa. 155, is controlling in the instant case. The court considered the question as fully as it could during the time of the trial, and particularly on the motion to quash, and in connection therewith gave considerable consideration and weight to the case of Commonwealth v. Levine, supra. At the time the motion to quash was argued, the ruling of the court was partially based on the fact that it was not necessary to set forth in the indictment who was the owner of the building. Under section 139 of the Criminal Code, which is the only section applying to the offense of burning one's own house, the allegation as to the ownership of the building is or was a matter of substance and apparently should have been set forth in the indictment: Commonwealth v. Braunfeldt, 72 Pa. Superior Ct. 25, 30.

After mature consideration and deliberation, the court is of the opinion that this question is ruled by the opinion in the case of Commonwealth v. Exler, supra. The underlying principles which impel the court to this conclusion are set forth in the syllabus as follows:

"5. When a criminal statute calls for construction, it is not the construction that is supported by the greater reason that is to prevail, but that one which, if reasonable, operates in favor of life and liberty. All doubts concerning the interpretation of a penal statute are to be resolved in favor of the accused.

"6. When an offense is created by statute and the same statute provides a penalty or mode of punishment, only that which the statute provides can be followed. While remedial laws may extend to new things not in esse at the time of the making of the statute, penal laws will not, nor will they extend to an offense created and defined by subsequent statutes.

"7. The legislature in creating by the Act of May 19, 1887, the new offense which it called felonious rape, although the new offense lacked the one and only element which at common law distinguished rape from ordinary unlawful intercourse, did not intend to attach to the word a meaning which theretofore attached to common-law rape only, so that an unintentional homicide occurring in its commission became murder of the first degree."

It therefore follows that the motion to quash the indictment should have prevailed, and defendant's point for binding instructions should have been affirmed, and consequently the motion in arrest of judgment must be sustained.

It is unnecessary to go into an extended discussion of the additional reason in support of the motion in arrest of judgment, namely, that the indictment in this case does not charge the crime of murder. The contention of the defendant is that Zimmerman might have been burned as the result of many causes having no connection whatever, either directly or indirectly, with the alleged fire charged against the defendant, and that there can be no construction of the words contained in the indictment to support a charge that Zimmerman died as a result of injury from burns caused by the burning of the building procured or done by the defendant and so charged in the indictment, or in other words, quoting from defendant's brief, "the indictment must allege that the death of the decedent resulted from the injury inflicted by the defendant or the act done by him or his negligence": 30 C. J. 106, sec. 297; and further that "an indictment, information or complaint must be positive with respect to the charge that the person accused committed the crime which renders him amenable to the charge, and must directly and positively allege every fact necessary to constitute the crime. Nothing can be charged by implication or intendment":

31 C. J. 659, sec. 179; and further that the rule undoubtedly is that an indictment for murder must expressly show that the party died from the hurt specially described and set forth: Lutz v. The Commonwealth, 29 Pa. 441. The indictment sets forth that at the same time the building was burned Herman Zimmerman was burned, and the apparent contention of the defendant is that the indictment is defective in not alleging that Herman Zimmerman not only received the burns which caused his death at the same time but that those burns were the result of or caused by the fire which burned the building and for which the defendant was responsible.

Lutz v. The Commonwealth, supra, holds that the verdict in a criminal case does not cure substantial defects in the indictment, but it will obviate a defect arising from an omission to connect necessary and dependent members of the same sentence by the appropriate conjunction. The indictment could be more specific in alleging that the same fire which burned the dwelling house burned Herman Zimmerman. It does allege that, at the time of the fire and in the dwelling house burned, Herman Zimmerman was burned, and since no objection to this language in the indictment was made before the trial, nor opportunity given the Commonwealth to amend the same, we feel that this defect is supplied and cured by the verdict. The decision of Lutz v. The Commonwealth, supra, is authority for holding that, although there was an omission of an averment that was essential to the corpus delicti, such omission was of a nature to be supplied and cured by the verdict and that the defendant was sufficiently indicted. The indictment sufficiently states the fact that defendant caused or procured the burning of the dwelling house and that at the same time and in the same fire Herman Zimmerman received fatal burns.

### Order

And now, February 13, 1933, after consideration of the foregoing motion and reasons in arrest of judgment, judgment on the verdict is arrested. The defendant is directed to give bail in the sum of $10,000 to the next term of court pending further action of the district attorney, or in default thereof to be committed to the county jail.　　　　　　　From S. M. Williamson, Waynesburg, Pa.